(No. 54091.—

GLASCO ELECTRIC COMPANY, Appellee, v. THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed September 30, 1981.*

348

Tyrone C. Fahner, Attorney General, of Springfield (Joseph D. Keenan III, Special Assistant Attorney General, of Chicago, of counsel), for appellant.

Brown, Hay & Stephens, of Springfield (Edward J. Cunningham and Mark H. Ferguson, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

In 1977, the Department of Revenue conducted an audit for the tax years 1974 through 1976 of the Glasco Electric Company (Glasco), a Missouri corporation which acts as a distributor in Illinois for lighting equipment and electrical supplies. Following the audit, the Department issued a notice of tax liability on November 18 which declared that Glasco owed $22,802.85 in unpaid taxes, penalties and interest. Upon the company's request, a hearing was held on April 18, 1978, before a Department officer at which Glasco's objections to the tax assessment were presented. The Department rejected Glasco's challenge and on August 8 issued a final notice of deficiency for the full amount claimed. A complaint for review of this administrative

decision was timely filed under the Administrative Review Act in the circuit court of Sangamon County on September 13 (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). Seventy-seven days later, on November 29, 1978, Glasco filed an appeal bond which was approved by an order of the court. The Department's answer to the complaint was filed on December 20, 1978. No action was taken by the court or by either of the parties until November 1, 1979, when the Department filed a motion to dismiss the action. The Department contended that Glasco's failure to file an appeal bond within 20 days after the filing of a complaint, as section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451) requires, was a jurisdictional prerequisite to deciding the appeal. After a hearing on the Department's motion, the circuit court dismissed the appeal and entered judgment in favor of the Department in the amount of $22,332.22. The appellate court reversed (87 Ill. App. 3d 1070), holding that the 20-day requirement for the filing of an appeal bond was not jurisdictional and holding, too, that the Department had waived its right to seek dismissal of the complaint. We granted the Department's petition for leave to appeal. 73 Ill. 2d R. 315.

The part of section 12 which has given rise to this controversy states:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the

> taxpayer and in favor of the Department in the amount
> of the final assessment or revised final assessment,
> together with any interest which may have accrued
> since the Department issued the final assessment or
> revised final assessment, and for costs, upon which
> judgment execution may issue as in other cases. ***"
> (Ill. Rev. Stat. 1977, ch. 120, par. 451.)

The Department contends that the language "shall be dismissed" in section 12 should be construed as mandatory and as jurisdictional and, accordingly, when Glasco filed its appeal bond 57 days beyond the 20-day statutory limit the circuit court had lost jurisdiction over the dispute and the court, following the statute, properly entered judgment in favor of the Department. The Department cites *Randy's House of Steele, Inc. v. Allphin* (1979), 76 Ill. App. 3d 788, where this conclusion was reached in a similar situation.

We, however, consider that section 12, requiring the filing of an appeal bond within 20 days after the complaint for review has been filed, is not jurisdictional in character. Further, we judge that the right to have the appeal dismissed under section 12 was waived by the Department.

"Subject matter jurisdiction" has been described as the "power to entertain the suit, consider merits and render a binding decision thereon; ***." (*General Investment Co. v. New York Central R.R. Co.* (1926), 271 U.S. 228, 230, 70 L. Ed. 920, 921, 46 S. Ct. 496, 497. See also *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321; *Faris v. Faris* (1966), 35 Ill. 2d 305.) Article VI, section 9, of the Illinois Constitution specifically empowers circuit courts to "review administrative action as provided by law." (Ill. Const. 1970, art. VI, § 9.) The Use Tax Act, under which the plaintiff's tax liability was founded, adopted under section 12 of the Act, by incorporation (Ill. Rev. Stat. 1977, ch. 120, par. 439.12), section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451), which provides for review of administrative orders. In addition to adopting the provisions of the Administrative Review Act (Ill. Rev. Stat. 1977,

ch. 110, par. 264 *et seq.*), this section provides that the "Circuit Court of the County wherein the taxpayer has his principal place of business, or of Sangamon County in those cases where the taxpayer does not have his principal place of business in this State, shall have power to review all final administrative decisions of the Department [of Revenue] in administering the provisions of this Act * * *" (Ill. Rev. Stat. 1977, ch. 120, par. 451). Accordingly, when Glasco, a Missouri corporation filed its complaint within 35 days after it received a copy of the Department's decision (Ill. Rev. Stat. 1977, ch. 110, par. 267) the circuit court of Sangamon County was properly vested with jurisdiction to entertain the plaintiff's appeal from the Department's final notice of tax deficiency.

Thus, there can be no question that, prior to the expiration of the 20-day period following the filing of the complaint, the circuit court had jurisdiction. The question that arises is whether the court was divested of jurisdiction when the plaintiff's bond was not filed within 20 days. In construing a statute it is of course fundamental that we seek to ascertain the legislature's intention. We consider that the Department correctly contends that viewing the language "shall be dismissed" in "the context of the entire statute, looking particularly to the purpose of the legislation" (*Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 103), the provision that a bond is to be filed within 20 days is to be construed as mandatory. (See also *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21; *In re Armour* (1974), 59 Ill. 2d 102, 104.) This construction is required to protect the Department's interest against a taxpayer's dissipating or otherwise disposing of assets while the review before the circuit court is pending. This, we judge, was certainly the legislature's intent. We do not, however, deem that it was the legislative design to make the bond-filing provision of section 12 jurisdictional. This conclusion is consistent with those rules of statutory construc-

tion under which courts liberally construe a right to appeal so as to permit a case to be considered on its merits. See 3A. Sutherland, Statutes and Statutory Construction § 67.08 (4th ed. 1974).

A contention that a court does not have jurisdiction over the subject matter is essentially a claim that the court is without power or authority to consider or to act on a case before it other than to dismiss it. This court said in *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 119, that it was axiomatic that a court without jurisdiction to proceed in an action lacks the power to enter orders incident to that action. Section 12 specifically not only empowers but directs the court, upon dismissal for failure to file a bond, to enter a judgment in favor of the Department in the amount of the final assessment plus accrued interest. If a failure to file a bond within 20 days after the filing of a complaint were intended to have jurisdictional consequences, the court would be without authority to enter such a judgment.

Too, it is fundamental that the lack of subject matter jurisdiction in a court cannot be waived. (See, *e.g., People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 105.) Here as an alternative to filing a bond, the court, under section 12, may impose a lien on the plaintiff's property in the amount of the Department's tax assessment (Ill. Rev. Stat. 1977, ch. 120, par. 451). If the requirement of filing of a bond were jurisdictional, this requirement could not be waived and the court given authority to impose a lien in lieu of an appeal bond.

The Department seeks to answer this conclusion by arguing that the legislature had the power to have made the filing of a bond a matter of jurisdiction. We, however, are concerned with determining the legislature's intention and not its powers.

Thus regarding the filing-of-bond provision in section 12 as mandatory but not jurisdictional, we consider next Glasco's contention that the requirement that it file a bond

within 20 days after the filing of suit was waived by the Department. (See *In re Custody of Sexton* (1981), 84 Ill. 2d 312; *Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99.) The record shows that after Glasco had failed to file the appeal bond within the 20-day period it received a phone call from the Illinois Attorney General's office stating that a bond had not been filed and approved by the court. It was then agreed that Glasco would submit a bond for filing at the end of November 1978. When the bond was obtained by Glasco its contents were read over the phone to an assistant Attorney General and he approved the bond. Before the bond was filed, the Attorney General stated that it would not be necessary to have a hearing on the bond's approval, asking only that a copy of the bond and the court's order approving it be sent to the Attorney General's office. After the bond was approved by the circuit court of Sangamon County on November 29, 1978, a copy was forwarded to the Attorney General. The Attorney General filed an answer to the plaintiff's complaint on December 20. It was more than 10 months later that the Attorney General moved to dismiss the appeal for failure to file an appeal bond within the 20-day period.

Glasco cites, without contradiction, a number of cases in which the Attorney General in a similar course of conduct permitted the filing without protest of bonds by taxpayers though the 20-day filing period had expired. In those cases, there were no motions by the Attorney General to dismiss the suits in the circuit court.

Based on the record in this proceeding, we hold that the mandatory requirement that the plaintiff file a bond within 20 days after filing a complaint in the circuit court was waived.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*