CITY NATIONAL BANK AND TRUST CO., Trustee, Plaintiff-Appellant, *v.* ILLINOIS PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Second District   No. 81—942

Opinion filed September 7, 1982.

Curtis D. Worden and Gary C. Flanders, both of Rockford, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and Daniel D. Doyle, State's Attorney, of Rockford (Patricia Rosen and Kathryn A. Spalding, Assistant Attorneys General, and James J. Rees, Assistant State's Attorney, of counsel), for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Whether jurisdiction attaches in the circuit court by the filing of a complaint for judicial review of an administrative decision on the last day for filing, with request to the circuit clerk that the summons issue that day, when the summons is not in fact issued on the same day, is the issue.

Here, the City National Bank and Trust Co., as trustee of trust No. 1122 (Owner), sought a reduction in the assessment of its real estate in Winnebago County, and after being denied relief appealed to the Illinois Property Tax Appeal Board (PTAB). The PTAB's decision affirming the ruling of the Winnebago County Board of Review was certified and mailed to the parties on March 20, 1981. The Owner

filed a complaint for judicial review on April 24, 1981, the 35th day after the mailing of the decision, a Friday. The summons was issued by the circuit clerk on April 27, 1981, a Monday, thus beyond the 35th day. The PTAB's and the County Board of Review's motions to dismiss were granted. Affidavits were filed by the Owner's attorney and the deputy circuit clerk which stated that the attorney had told the deputy clerk that the summons had to be issued that day and that the clerk told him that the summons would not be mailed until the following Monday, but assured him that this would be done in accordance with a procedure in the clerk's office that it issued summons "effective" on the date the complaint was filed although the summons might not be mailed until later. In fact the summons was dated April 27. The circuit judge found the complaint was timely filed and the delay was due solely to an inadvertent error by the clerk's office. However, he concluded that both the complaint and the summons were required under the statute to be filed within the 35 days and that therefore no jurisdiction attached.

Under the Administrative Review Law, applicable here, an action to review a final administrative decision "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1981, ch. 110, par. 3—103.) It is conceded that the complaint was timely filed. The defendants argue that the plain language of the statute requires that both the complaint and the summons issue within 35 days. The 35-day limitation for filing a complaint has been held a jurisdictional requirement. (See, *e.g.*, *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924.) The Owner argues that only the filing of the complaint should be considered jurisdictional because that is in the control of the litigant, whereas the issuance of the summons is not within the plaintiff's control. It argues that holding the issuance of the summons to be jurisdictional would cut down the time for filing the complaint because an appellant would be forced to leave time for the summons to issue, and could deprive a party of his remedy because of a ministerial act of the clerk over which he had no control in any reasonable sense.

There is language in several cases to the effect that the filing of the complaint vests jurisdiction. (See, *e.g.*, *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 587; *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924; *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 479.)

Other language may be found to the effect that the filing of the complaint and the issuance of summons are the jurisdictional requirements. (See, *e.g.*, *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 71.) In no case have we found the issues squarely presented except for the Fourth District case of *Cox v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 704.

In *Cox*, a complaint was found to have been timely filed but the majority concluded that the fact the summons presented to the clerk on the 35th day was not signed until the next day precluded review. The court reasoned that the clear language of the statute states both that the complaint must be filed and the summons issued within the required period. (107 Ill. App. 3d 704, 709.) The majority, however, specified that the clerk was not notified of the need to issue the summons immediately and observed that "[h]ad the clerk's personnel been advised of the exigencies of the circumstances and then failed or refused to issue summons immediately, as apparently occurred in *Hagy* [*Hagy v. Allen* (E.D. Ky. 1957), 153 F. Supp. 302], a strong case would be made for disregarding the requirement that summons issue ***." (107 Ill. App. 3d 704, 709.) The dissenting opinion noted that the purpose of the 35 day filing rule was to encourage prompt action by the aggrieved party and resultant timely disposition of the matter; and thus that there was substantial compliance by the delivery of the summons to the clerk on the 35th day since there could be no apparent purpose to cut down the 35 days for the filing of the complaint so that the summons could be issued within the 35 days.

The facts in this case vary somewhat from *Cox*. The Owner did not prepare a summons but was told by the deputy clerk that she would do so. The Owner's attorney, however, advised the clerk that the complaint was being filed on the last day and that summons had to be issued on April 24. He was informed by the deputy clerk that it is the standard procedure of the circuit clerk's office to issue summonses effective the date on which a complaint is filed "irrespective of the fact that the summonses might not be served [mailed] by the Clerk's Office until the next day"; and the attorney was assured by the clerk that the summons would be issued effective April 24, 1981, the day on which the complaint was filed. The deputy clerk further stated in her affidavit that due to "an inadvertent clerical error" of the circuit clerk's office the summonses when issued were dated April 27, 1981.

The inadvertent error which the clerk referred to and which was found by the court was in failing to place the Friday date on the summons. However, under the Supreme Court Rules the summons shall

be dated on the date it is issued. (73 Ill. 2d R. 101; see also *Ruffin v. Department of Transportation* (1981), 101 Ill. App. 3d 728, 732.) The clerk's error, therefore was not in dating the summonses the 27th, but in failing to issue on the 24th.

■ Section 3—103 of the Administrative Review Law appears to treat both the filing of the complaint and the issuance of the summons in the same manner. However, courts need not apply a statute literally, if to do so would lead to results obviously not contemplated by the legislature. *E.g., Zelkovich v. Industrial Com.* (1956), 8 Ill. 2d 146, 150.

This leads us to the inquiry whether there is any reasonable purpose in requiring that the summons be issued within 35 days if the complaint is timely filed, as a jurisdictional matter. The Owner argues that the reason for a distinction is that the filing of the complaint is within the Owner's control and thus that the filing of the complaint substantially supports the purpose of the statute, to ensure prompt review of administrative disputes. There is a further rule of statutory construction that courts will "liberally construe a right to appeal so as to permit a case to be considered on its merits." (*Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351-52.) In *Glasco*, the court construed section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451), which states that an appeal to the circuit court "shall be dismissed" if a bond is not filed by the interested party within 20 days after filing of the complaint. Although the court construed the provision as intended to be mandatory, a necessary protection to the department against the taxpayer dissipating or disposing of assets while the circuit court review was pending, it nevertheless concluded that the legislature did not intend that the filing of bond be jurisdictional *i.e.,* as divesting jurisdiction. 86 Ill. 2d 346, 350-51.

Under section 2—201 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—201), an action is "commenced" by the filing of a complaint, with the further provision that the clerk shall issue summons upon the request of the plaintiff. It would be reasonable to assume that the legislature intended, when it said in the Administrative Review Law that the action is "commenced" by the filing of the complaint and the issuance of summons, that a different intention was manifested. We conclude that the issuance of summons within the 35-day period was intended to be mandatory and was for the purpose of insuring that the plaintiff could not unduly delay review. But analogizing from *Glasco* we conclude that the issuance of the summons within the 35-day period was not intended to be jurisdictional, but rather

was stated to insure that there would not be the same kind of delay that would be possible after the filing of a complaint in other actions under the Code of Civil Procedure. If the same time frame is jurisdictional for both complaint and summons, the legislature, in practical terms, could be cutting down the time for filing the complaint, since it could not at all be certain that the circuit clerk could be forced to issue the summons immediately if for reasons inherent in the practical operation of the office it might not be able to do so on the same day in all circumstances.

■■ We thus conclude that it is the legislature's intention that if the complaint is filed within the 35-day period, and the plaintiff in good faith attempts to have the clerk issue summons within the same period, he is not deprived of his right to appeal on jurisdictional grounds. (*Cf. Hagy v. Allen* (E.D. Ky. 1957), 135 F. Supp. 302, 309.) The purpose of the limitation period was to hasten the procedure in these cases. If we construe it so strictly that a court has no jurisdiction when one files the complaint on time and makes a substantial effort to have the summons issue directly, a litigant is, in effect, deprived of his right to appeal because of a ministerial officer whom he can persuade but cannot control. We cannot conclude that the legislature intended this result.

Here, the plaintiff-owner, in good faith, sought issuance of summons in accordance with the mandatory provisions of the statute and advised the clerk of the time limitation. While, as defendant suggests, the Owner's counsel could have prepared the summons himself, that would not have assured that the clerk would vary the practice and necessarily have issued it on the day the complaint was filed, the 35th day. Therefore the appeal is not barred.

The judgment of the circuit court of Winnebago County is reversed and the cause remanded with directions to proceed to the merits of the judicial review.

Reversed and remanded.

NASH and HOPF, JJ., concur.