AVONDALE LIQUOR STORE, INC., *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (2nd Division)  Nos. 81—3031 through 81—3033, 81—3161, 81—3164 cons.

Rule 23 order entered May 31, 1983.—Opinion filed and rehearing denied July 19, 1983.

Howard E. Gilbert and Michael D. Richman, both of Gilbert, Shapiro & Richman, and Bernard Kleinman, Ltd., both of Chicago, for appellant Avondale Liquor Store, Inc.

Morton Siegel and Michael A. Moses, both of Siegel, Denberg, Vanasco, Shukvosky, Moses & Schoenstadt, of Chicago, for other appellants.

Neil F. Hartigan, Attorney General, of Springfield (Paul J. Bargiel, of Doss, Puchalski, Keenan & Bargiel, Ltd., Special Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

This is a consolidated appeal in which plaintiffs, Southtown Beverage, Inc., Northwest Beverage, Inc., d/b/a Kane Beverage Mart, North Suburban Beverage, Inc., and Avondale Liquor Store, Inc., challenge the propriety of the trial court's order denying their petitions for a lien on their properties and dismissing their complaints for judicial review of final tax assessments issued by defendant, Department of Revenue. The trial court denied plaintiffs' petitions and dismissed their complaints pursuant to section 12 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1981, ch. 120, par. 451). The dismissal was based solely on plaintiffs' failure to demonstrate that sufficient assets existed which, in the trial court's opinion, would allow a lien to be imposed within the statutory time period in lieu of plaintiffs' posting bond pending review of their tax assessments.

Plaintiffs appeal the trial court's denial of their petitions to have a lien imposed as security in lieu of a bond and assert that: (1) section 12 of the Act is an unconstitutional infringement upon the supreme court's rule-making authority for regulating appeals; (2) the 20-day rule of section 12 of the Act is satisfied by filing a petition to impose a lien in lieu of bond within 20 days of filing a complaint for administrative review; and (3) the trial court abused its discretion by denying plaintiffs' petitions to impose a lien in lieu of bond.

The agreed facts show that defendant issued final tax assessments for plaintiffs' tax delinquencies pursuant to the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 440 et seq.). In order to obtain administrative review of their assessments, each plaintiff involved here followed the procedures in accordance with section 12 of the Act which in pertinent part provides:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in

the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment or revised final assessment, and for costs, upon which judgment execution may issue as in other cases." Ill. Rev. Stat. 1981, ch. 120, par. 451.

The plaintiffs' petitions for lien in lieu of bond concluded that a bond was unavailable to each of them. The petitions were filed within 20 days of filing the complaint for administrative review. Hearings on plaintiffs' petitions were delayed pending the outcome of the supreme court's decision in *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 427 N.E.2d 90, which involved questions of the proper scope of section 12 of the Act and the 20-day requirement. Following the *Glasco* decision, these cases were consolidated in the trial court for a hearing on November 24 and 25, 1981. At the hearing, each defendant presented evidence of its financial status in an effort to convince the trial court to impose a lien in lieu of a bond.

Following the hearing and argument, the trial court found that plaintiffs failed to establish, within the 20-day term required by the Act, that sufficient assets existed which would warrant the imposition of a lien on plaintiffs' properties in lieu of a bond. The trial court denied plaintiffs' petitions to impose a lien and dismissed their complaints for administrative review of the final assessments. Judgment was entered on December 4, 1981, against each plaintiff, except Avondale Liquor, in an amount equal to the final assessments, plus interest and costs. Plaintiffs filed a notice of appeal of the November 25 order denying their petitions to impose a lien and dismissing their complaints for administrative review.

I

■ Initially, plaintiffs contend that *filing* the petition for lien in lieu of bond rather than having the trial court actually impose the lien within the 20-day period required by section 12 is sufficient. Plaintiffs claim that to conclude otherwise would impose an unreasonable burden on them in such a short time frame, amounting to a denial of due process. We do not agree.

The trial court here correctly interpreted *Glasco Electric Co. v.*

*Department of Revenue* (1981), 86 Ill. 2d 346, 427 N.E.2d 90, as requiring plaintiffs to file for and demonstrate that the imposition of a lien is warranted within 20 days of plaintiffs' complaint for administrative review. The supreme court in *Glasco* held that section 12 of the Act requiring the bond to be filed within 20 days from the filing of a complaint for administrative review was mandatory but not jurisdictional. (86 Ill. 2d 346, 351.) The court in *Glasco* explained that the purpose of the 20-day limit was to protect the Department of Revenue's interest against a taxpayer's dissipating or otherwise disposing of assets while the review of its tax assessment before the circuit court is pending. 86 Ill. 2d 346, 351.

The court in *Glasco* was not faced with the same situation presented here for review. Defendant here contends that a literal interpretation of section 12 should be employed, affirming the trial court's impression that plaintiffs are bound to show that their financial status warrants the imposition of a lien within 20 days of their filing the complaint for administrative review.

In support of their contention that a lien need not actually be imposed, plaintiffs rely upon the language of this court in *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 95, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610, which states that plaintiff need only have posted bond or petitioned the court for the imposition of a lien within 20 days. Plaintiff in *Bee Jay's* had petitioned the court to impress a lien in lieu of a bond several months after filing suit for administrative review of its tax assessment. The trial court dismissed plaintiff's complaint because plaintiff failed to post a bond or to petition the court for the imposition of a lien in lieu of bond within 20 days of filing for administrative review. Upon review, this court affirmed the trial court's decision, explaining that an examination of the legislative intent was necessary to determine if the 20-day limit applied to the actual imposition of a lien. It was concluded by this court that "the legislature clearly intended that a taxpayer should provide either a bond or a lien as security for his tax obligation; and that such security should be provided within 20 days of filing suit for administrative review." *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 94.

■ Although there is a rule of statutory construction that courts will liberally construe a right to appeal so as to permit a case to be considered on its merits (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1982), 108 Ill. App. 3d 979, 982, 439 N.E.2d 1301), the requirements of section 12 are mandatory (*Glasco Electric*

*Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351) and necessary to protect the interests of defendant from subsequent acts of delinquent taxpayers.[1]

## II

■ Next, all plaintiffs contend that the trial court abused its discretion by denying their petitions to impose a lien. We cannot agree. The record shows that financial statements were presented to the trial court by each plaintiff (some taxpayers did not present any evidence of financial conditions) in an effort to persuade the trial court to impress a lien. In those cases in which the plaintiffs failed to present evidence of assets sufficient to protect the interests of the defendant, a lien was not imposed.[2] Defendant objected to the imposition of a lien on the property of each of the plaintiffs, arguing that the evidence in the record showed that the liabilities of each plaintiff exceeded its assets.

Our review of the record shows that the trial court went to great lengths to determine the financial condition of each plaintiff. With respect to Avondale Liquor, the record shows that the trial court considered the financial statement submitted by Avondale Liquor at the hearing. This information was accompanied by a letter from the C.P.A. who had compiled the information which read, in part, as follows:

> "A compilation is limited to presenting in the form of financial statements, information that is the representation of management. We have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or any other form of assurance on them."

The documentation submitted by Avondale Liquor did not reflect the existence of prior tax liens which were discussed at the hearing of this matter. An employee of the Department of Revenue was called to testify and stated that prior tax liens existing against Avondale Liq-

[1]Defendant contends that Avondale Liquor filed its petition three days late and should be dismissed regardless of the merits of the outcome of part I above. However, it is well established that objection to the 20-day rule may be waived by the Department where, as here, they failed to object at trial to the late filing. *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 353.

[2]At the November 24 hearing the trial court examined documents pertaining to the net worth of over 20 taxpayers in order to determine if the imposition of a lien was warranted. Where it was demonstrated that sufficient assets did exist which would secure defendant's interest, a lien was imposed (*e.g.*, lien granted as to Truss Company).

uor totaled approximately $33,000. The documentation upon which this statement was based was not admitted into evidence but it is apparent from the record that the amount of the prior liens testified to was considered by the trial court in assessing Avondale Liquor's financial condition.

Avondale Liquor also argues that the trial court failed to consider its ability to acquire additional assets. However, our review of the record establishes that the trial court considered all of the financial information submitted by Avondale Liquor. It cannot be concluded that the trial court's assessment of each taxpayer's financial condition resulted in a decision which was arbitrary or an abuse of discretion.

## III

■ Finally, Avondale Liquor contends that the time limitation of section 12 of the Act is an unconstitutional infringement upon the supreme court's rule-making authority governing appeals. However, as we pointed out in *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, section 12 specifically invokes the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*) making applicable the well-established standard of review under the Act. (52 Ill. App. 3d 90, 93.) Additionally, the instant appeal is not an appeal from administrative proceedings. Plaintiffs' appeals in this court are appeals from the circuit court's order denying their petitions for imposition of a lien and dismissing their complaints for administrative review and entering judgment in defendant's favor. Plaintiffs' actions in the court below were for administrative review and here, are for review of a final order of a circuit court subject to the rules established by the supreme court pursuant to article VI, section 6 of the Illinois Constitution. (Ill. Const. 1970, art. VI, sec. 6.) The two are not inconsistent and there is no infringement upon the supreme court's rule-making authority concerning appeals. *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 93, 367 N.E.2d 173.

For the reasons herein stated, the trial court's judgment denying plaintiff's petitions and dismissing their complaints for administrative review is affirmed.

Affirmed.

PERLIN and HARTMAN, JJ., concur.