JUSTICE HOPE
 

 delivered the opinion of the court:
 

 Plaintiff, Collins Oil Company, brought an action for administrative review of an Illinois Department of Revenue (the Department) final assessment that determined plaintiff’s liability for unpaid taxes. In seeking review, plaintiff sought to have a lien imposed in lieu of posting a bond, as authorized by section 12 of the Retailers’ Occupation Tax Act (hereinafter the Act) (Ill. Rev. Stat. 1981, ch. 120, par. 451). The Kane County circuit court denied plaintiff’s motion for a lien, dismissed its complaint and entered an order in favor of the Department. Plaintiff appeals.
 

 Plaintiff, a wholesale and retail dealer in oil products, was charged with liability for nonpayment of retailers’ occupation tax and municipal retailers’ occupation tax for January 1, 1976, through August 31, 1978; regional transportation authority tax for December 1, 1977, through October 31, 1979; and motor "fuel tax for January 1, 1976, through August 31, 1978. Plaintiff protested each of the notices of liability and requested a hearing with the Department. A hearing summary, prepared by the hearing referee, noted that the Department had presented a prima facie case through the testimony of the auditor and admission of the auditor’s work papers. The auditor testified that the taxpayer (plaintiff, president of corporation) refused to allow his books and records to be examined and would not cooperate in preparing the audit. The audit was based on Federal tax returns and State sales tax returns that had been filed by plaintiff. Resale, exemptions and loss due to spillage deductions were disallowed, but the auditor testified on cross-examination that they would have been allowed if the taxpayer had provided evidence to support them.
 

 The hearing referee repeatedly requested the taxpayer, through his counsel, to produce books and records in order to clarify the record. Counsel gave no indication he intended to produce any records. The referee held that the Department’s prima facie case was not overcome by the taxpayer, and the taxpayer’s protest was denied. The assessment was made final. In February of 1982 a final assessment showed a liability of $1,231,432 for plaintiff with interest continuing to accrue.
 

 On March 12, 1982, plaintiff filed its complaint for administrative review, challenging the final assessment. Thereafter, on April 2, 1982, plaintiff filed a motion seeking imposition of a lien in lieu of the bond required by section 12 of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 451). Section 12 requires that a suit for administrative review be dismissed, on motion of the Department, unless the person filing such suit posts a bond, or unless the court enters an order imposing a lien on the taxpayer’s property. Plaintiff in the case at bar did not file a bond and sought to have a lien imposed in lieu of the bond.
 

 A hearing was held and plaintiff was directed to furnish financial information about its assets. The hearing was continued. Plaintiff provided a four-page unverified financial statement. This statement indicated that plaintiff’s assets were less than its tax liability. At the renewed hearing the Department argued it would not be protected by a lien on plaintiff’s assets. After argument, the court denied plaintiff’s motion for imposition of a lien in lieu of a bond, and stated that plaintiff’s complaint was dismissed for failure to comply with section 12 of the Act. Judgment was entered against plaintiff in the amount of the final assessment, plus interest.
 

 Plaintiff filed a motion for rehearing, urging “the court may have failed to consider the constitutional issues inherent in its ruling” in denying the requested lien. The motion also urged that it was not necessary that plaintiff furnish “full and complete inventories” of its property in order for the Department’s liens to be effective because the liens would have been effective upon entry of the court’s order. Plaintiff’s motion for rehearing was denied.
 

 Prior to considering the issues raised by plaintiff on appeal, we will address a point raised by the Department which urges that plaintiff failed to file his motion regarding the bond within the required 20-day limit. Although the Department did not raise this issue before the trial court, it is now urged that the trial court should be affirmed because of plaintiff’s failure to make a timely motion regarding the bond.
 

 Section 12 of the Act provides that any suit filed for administrative review shall be dismissed on motion of the Department, unless the petitioner, within 20 days after filing the complaint, files a bond with good and sufficient surety, or unless the court enters an order imposing a lien on petitioner’s property. In the instant case plaintiff filed its complaint for administrative review on March 12, 1982, and filed its motion for a lien in lieu of bond 21 days later, on April 2, 1982. Thus, plaintiff’s motion was one day late. The Department contends that plaintiff’s failure to meet this time requirement allows this court to affirm the trial court findings, despite the fact the argument was not presented to the trial court. The Department urges that, unlike the appellant, the appellee may raise any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for the point was before the court below. Shaw v. Lorenz (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287.
 

 We believe the Department has waived this issue for purposes of appeal. It has been held that the failure to file an appeal bond under section 12 is not jurisdictional in character, though it is mandatory. In Glasco Electric Co. v. Department of Revenue (1981), 86 Ill. 2d 346, 350, 427 N.E.2d 90, the supreme court found that the Department had waived the 20-day requirement where the Department agreed to allow the taxpayer to file the bond late and thereafter filed an answer to the complaint. In Glaseo, as in the case at bar, the Department filed its answer and failed to raise the 20-day limit as an issue. Because the instant case parallels the circumstances described in Glaseo, we believe the Department waived this issue both below and on appeal. (See also City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, where the court analogized from Glaseo and held that a 35-day issuance of summons requirement should be liberally construed; Bee Jay’s Truck Stop, Inc. v. Department of Revenue (1977), 52 Ill. App. 3d 90, 93, 367 N.E.2d 173, 176, where the court gave a liberal construction to 20-day rule of section 12.) For these reasons the Department’s contention that plaintiff’s motion was untimely must fail.
 

 The Department also contends plaintiff failed to preserve for review the issue of the constitutionality of section 12 of the Act. At trial, plaintiff made only very slight reference to the question of the constitutionality of section 12. Further, in its petition for rehearing, plaintiff made only a vague reference to the constitutional issues it now raises on appeal. The petition stated that the court “may have failed to consider the constitutional issues inherent in its ruling.” Further, we note that plaintiff’s motion for lien in lieu of bond made no reference to constitutional issues.
 

 Plaintiff contends on appeal that the trial court violated its constitutional rights of equal protection and due process. Plaintiff’s contention is that the denial of its motion for lien in lieu of a bond deprived it of its constitutional right to have judicial review of the assessment of tax liability imposed by the administrative body. Plaintiff did contend, in its motion for rehearing, that there were “questions of whether or not there would be violations of both the Illinois and United States Constitutions on questions of equal protection.” Though the courts prefer that objections to the constitutionality of a statute be “specific and complete” (Biggs v. Cummins (1955), 5 Ill. 2d 512, 516, 126 N.E.2d 208), the scope of our review is not confined solely to the issues preserved for review. Supreme Court Rule 366 (87 Ill. 2d R. 366) is analogous to the plain error doctrine in criminal cases, and gives this court the discretion to review orders and grant relief “that the case may require.” (87 Ill. 2d R. 366(a)(5).) (Schutzenhofer v. Granite City Steel Co. (1982), 93 Ill. 2d 208, 211, 443 N.E.2d 563, 564.) Therefore, despite the apparent waiver of the constitutional issues, we will consider them on appeal.
 

 Turning to the merits of the case, plaintiff contends that the trial court’s interpretation of section 12 of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) deprived plaintiff of due process and equal protection in that it was denied access to judicial review under the Administrative Review Act. The contention is that by refusing to allow a lien in lieu of bond the court dismissed plaintiff’s complaint and left it in the position of an indigent party unable to seek redress of an “incorrect” finding of tax liability.
 

 Plaintiff contends that the legislature never intended section 12 to be used by the court to determine whether the taxpayer has sufficient assets to pay the tax. It contends that the legislature only intended to indicate that the court had authority to impose a lien on taxpayers’ assets, and protect the Department’s interests in that manner. Plaintiff contends that the trial court abused its discretion in this regard. Contrary to this contention, section 12 clearly gives the court discretion in this area — it provides:
 

 “Any suit under the ‘Administrative Review Act’ to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff’s property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment or revised final assessment, and for costs, upon which judgment execution may issue as in other cases. ***
 

 If the court finds in a particular case that the plaintiff cannot procure and furnish a satisfactory surety or sureties for the kind of bond required herein, the court may relieve the plaintiff of the obligation of filing such bond, but shall enter an order, in lieu of such bond, subjecting the plaintiff’s real and personal property (including subsequently acquired property), situated in the county in which such order is entered, to a lien in favor of the Department.” Ill. Rev. Stat. 1981, ch. 120, par. 451.
 

 We believe this language indicates the legislature’s intent to grant the trial court the discretion to either relieve a plaintiff from the obligation of filing a bond and order a lien, or to require such a bond. It is a primary rule of statutory construction that legislative intent is ascertained primarily from a consideration of the statutory language (Droste v. Kerner (1966), 34 Ill. 2d 495, 503, 217 N.E.2d 73, cert, denied (1967), 385 U.S. 456, 17 L. Ed. 2d 509, 87 S. Ct. 612), and the words in a statute should be given their plain, ordinary or commonly accepted meaning, unless to do so would defeat the legislature’s intent. (Griffin v. City of North Chicago (1983), 112 Ill. App. 3d 901, 907, 445 N.E.2d 827, 832.) Thus, we believe the legislature intended the imposition of a bond to be discretionary.
 

 If, in the course of considering plaintiff’s bond request, the court determined that plaintiff had insufficient assets to furnish the bond or furnish a satisfactory lien, then it was within the authority conferred on it by section 12 to grant the Department’s motion to dismiss. Plaintiff contends that, at the same time, the court determined plaintiff would also be unable to pay the tax due. Despite this, however, section 12 requirements are mandatory and do not amount to a denial of due process. Avondale Liquor Store, Inc. v. Department of Revenue (1983), 116 Ill. App. 3d 804, 807, 452 N.E.2d 607.
 

 The obvious purpose for the requirement of a review bond is to protect the Department from having the taxpayer dissipate assets during the period of administrative review. In the case at bar the trial court noted that dissipation of the plaintiffs assets was a real concern. By contrast, where there is no danger that the State would suffer a loss of tax revenue, because of dissipation or disposition of assets, it has been held that the filing of a review bond is not mandated. (Fredman Brothers Furniture Co. v. Department of Revenue (1982), 110 Ill. App. 3d 479, 480, 442 N.E.2d 627.) In Fredman the taxpayer’s overpayments eliminated the danger that the State would suffer a loss of tax revenue. In the instant case, such a danger clearly exists. The bond requirement was a more secure alternative because plaintiff had failed to reveal the location, identity or scope of any assets upon which a lien could be imposed. We believe the trial court acted within the discretion conferred on it by the legislature in denying plaintiff’s request, and we find no abuse of that discretion.
 

 The plaintiff urges that it was denied its constitutional right to administrative review. However, it is not clear that such a right exists under the circumstances presented. In fact, the right to administrative review is a limited right. The Illinois Constitution of 1970 provides that “Circuit Courts shall have such power to review administrative action as provided by law.” (Ill. Const. 1970, art. VI, sec. 9.) Thus, absent legislation, administrative review is not a matter of right under section 9. (Glasco Electric Co. v. Department of Revenue (1980), 87 Ill. App. 3d 1070, 1072, 409 N.E.2d 511, 513, aff’d (1981), 86 Ill. 2d 346, 427 N.E.2d 90.) Section 12 of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) is the source of the circuit court’s administrative review powers, and it makes that review conditional upon the filing of a bond. We do not believe the dismissal of plaintiff’s complaint was violative of his due process or equal protection rights. The legislature has chosen to make administrative review conditional upon the filing of a bond and it is necessary to protect the Department from subsequent acts of delinquent taxpayers. (Avondale Liquor Store, Inc. v. Department of Revenue (1983), 116 Ill. App. 3d 804, 808, 452 N.E.2d 607.) In fact, in a case analogous to the case at bar, a taxpayer urged that section 12 was unconstitutional because it denied him his day in court. The taxpayer had failed to file a bond within the required 20-day period. The court characterized the section 12 bond requirement as a “reasonable procedural requirement” and stated it did not violate due process. (Bee Jay’s Truck Stop, Inc. v. Department of Revenue (1977), 52 Ill. App. 3d 90, 95, 96, 367 N.E.2d 173, cert, denied (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610.) It has also been held that the hearings conducted under the Retailers’ Occupation Tax Act (the Act) meet the requirements of due process. (Department of Finance v. Gandolfi (1940), 375 Ill. 237, 240, 30 N.E.2d 737.) We see no change in the Illinois Constitution of 1970 that would alter the conclusion reached by the court in Gandolfi. We defer to the legislature’s determination on this point and find no due process or equal protection violations. See also Board of Education v. Gates (1974), 22 Ill. App. 3d 16, 20, 316 N.E.2d 525.
 

 The case law plaintiff discusses in support of his argument is inapposite. In one such case, Boddie v. Connecticut (1971), 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780, the court held that it was unconstitutional to deny, because of the inability to pay, access to the courts to seek judicial dissolution of a marriage. However, Boddie differs from the case at bar in two important regards. First, even if it is assumed section 12 operates to deny plaintiff review of the merits of its case, it is undisputed that it did have a hearing before the Department of Revenue. In Boddie there had been no hearing. Secondly, the right of the individual to an initial hearing on a dissolution of marriage concerns a fundamental right. In the case at bar, the interests plaintiff seeks to protect fall short of the fundamental rights discussed in Boddie.
 

 The instant case is analogous to United States v. Kras (1973), 409 U.S. 434, 34 L. Ed. 2d 626, 93 S. Ct. 631, where an indigent contended that the fee required for filing a bankruptcy petition was violative of his equal protection and due process rights. The court distinguished Boddie v. Connecticut (1971), 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780, by noting that the interests of one seeking a bankruptcy do not rise to the level of a fundamental interest such as marriage. The filing fee requirement does not constitute a fundamental right, nor does it touch on the suspect classifications of race, nationality or alienage. Hence, for purposes of equal protection analysis, the applicable standard for measuring the propriety of Congress’ classification is that of rational justification. (409 U.S. 434, 446, 34 L. Ed. 2d 626, 636, 93 S. Ct. 631, 638.) The court found no constitutional right to obtain a discharge of one’s debts in bankruptcy.
 

 Once a party has received an evidentiary hearing through which he can seek redress, due process does not require that, even in criminal cases, a State provide an appellate system. (Ortwein v. Schwab (1973), 410 U.S. 656, 660, 35 L. Ed. 2d 572, 576, 93 S. Ct. 1172, 1174; Griffin v. Rlinois (1956), 351 U.S. 12, 18, 100 L. Ed. 891, 898, 76 S. Ct. 585, 590.) In Ortwein, as in the case at bar, plaintiff contended that the inability to make a required payment by an indigent resulted in a denial of due process and equal protection rights. The requirement of payment was viewed as a rational means of effecting the State’s goal of offsetting some expenses of the court system. Thus, the rationality requirement was met.
 

 In the instant case the legislature’s goal was to protect the Department’s right to payment. The court in the instant case sought to avoid a situation where whatever assets plaintiff had would be dissipated. The Department contends that plaintiff continued to operate Collins Oil at a loss. Thus, the denial of plaintiff’s lien request bore a rational relationship to the State’s goal of nondissipation of the tax due. For these reasons we believe section 12 of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) is constitutional, both on its face, and as applied.
 

 Plaintiff’s final contention is that section 12 must be given a liberal construction, so as to permit its case to be considered on its merits. However, plaintiff’s reliance on Glasco Electric Co. v. Department of Revenue (1981), 86 Ill. 2d 346, 352, 427 N.E.2d 90, is misplaced. Glaseo did find that section 12 requirement of filing an appeal bond within 20 days after the complaint for review was filed was not jurisdictional. Thus, the circuit court was not divested of jurisdiction by plaintiff’s failure to have filed its bond within 20 days. However, the Glaseo court went further and stated that while the filing of a bond is not jurisdictional, the legislature intended the filing of such bond to be mandatory. The court noted that this construction was required to protect the Department’s interest in keeping a taxpayer from dissipating assets while review was pending. While the Glaseo court gave section 12 a liberal construction, so as to permit the case to be construed on its merits, its decision was based on the fact that the Department had waived the 20-day filing period by allowing the taxpayer to file his bond after the 20-day period had run. By contrast, in the case at bar the State made no such waiver. Even Glaseo, which gave section 12 a liberal construction, stated that filing a bond is mandatory. We agree with the Glaseo holding.
 

 Plaintiff cited no authority for the proposition that a lien must or should be imposed when a taxpayer is unable to post a bond. In the instant case, we see no reasonable justification for allowing a lien to stand during administrative review. Plaintiff’s contention that it should have been allowed a lien in lieu of bond is further undermined by its failure to supply sufficient information about its business assets so that a lien could attach.
 

 We believe the circuit court’s exercise of discretion was allowed by section 12 of the Act and that it is violative of neither the due process or equal protection clauses of the Constitution. Thus, the trial court properly denied plaintiff’s motion for lien in lieu of bond and granted the Department’s motion to dismiss.
 

 For the reasons stated the judgment of the trial court of Kane County is affirmed.
 

 Affirmed.
 

 LINDBERG and REINHARD, JJ., concur.