**In re NORTHWEST BEVERAGE, INC., Debtor.**

**NORTHWEST BEVERAGE, INC., Plaintiff,**

**v.**

**J. Thomas JOHNSON, as Director of Revenue, State of Illinois, Defendant.**

**Bankruptcy No. 82 B 7771.
Adv. No. 83 A 1103.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 21, 1985.

Brown & Shinitzky, Michael A. Moses, Siegel, Denberg, Vanasco, Shukovsky, Moses & Schoenstadr, Chicago, Ill., for debtor, Northwest Beverage, Inc.

Joel Nathan, Janice L. Cox, Asst. Attys. Gen., Revenue Litigation Div., Chicago, Ill., for Dept. of Revenue, State of Illinois.

## MEMORANDUM AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

### I

This action comes to be heard on a motion by the defendant, the Illinois Department of Revenue ("Department"), requesting that the court abstain from further proceedings on, or dismiss the complaint of, plaintiff, Northwest Beverage, Inc. ("Northwest"). Northwest's adversary complaint asks the court to vacate assessments which the Department caused to be issued, and for other appropriate relief. The Department, in its motion for absention or dismissal presently at issue, argues that Section 505(a)(2) of the Bankruptcy Code precludes the court from redetermining a debtor's tax liability. Resolution of the Department's motion will require this court to determine whether Northwest's taxes have been previously "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction"

pursuant to § 505 of the Bankruptcy Code. 11 U.S.C. § 505(a)(2)(A).

## II

Northwest is a retailer of alcoholic beverages required to pay Retailers' Occupation Tax pursuant to Illinois Law. Ill.Rev.Stat. 1981, Ch. 120, Par. 451. Northwest submitted several tax payments during the period of September 1968 through December 1981 which the Department determined to be insufficient. Three of eight assessments of deficiency made during that period remain at issue: numbers F–48459, F–52504 and F–5981. In regard to the periods represented by those three numbers, the Department issued notices of tax liability to Northwest. Northwest protested the notices within the statutory 20 day period and exercised its right to request hearings before the Department.

An officer of the Department subsequently conducted hearings in order to review each of the three assessments. Northwest attended and was represented by counsel at each hearing. Although Northwest was entitled to put on evidence and present its own witnesses, Northwest did not do so. Instead, Northwest confined itself to cross-examining the Department's witnesses and arguing for dismissal of the claims on several legal bases set out in a motion.[1] After considering the record of the hearing, and all applicable laws and regulations, the hearing officer caused the director of the Department to issue final assessments in each case.

Northwest sought review of this decision by the circuit court but due to its financial condition, Northwest was unable to supply the bond which was required before an appeal would be allowed. Northwest, therefore, requested that the court impose a lien on its assets in lieu of bond, as permitted by Illinois law. The circuit court declined this request on the grounds that Northwest's assets were insufficient to protect the Department's interests during appeal. Since Northwest failed to meet the bond requirement, the circuit court dismissed its complaint for administrative review of assessment numbers F–48459 and F–52504[2] and entered judgment against Northwest for the amount of the final assessments, plus interest. Northwest appealed this decision to the Illinois Court of Appeals, which affirmed the circuit court. *Avondale Liquor Store v. Dept. of Rev.*, 116 Ill.App.3d 804, 72 Ill.Dec. 354, 452 N.E.2d 607 (1983).

During the litigation of the assessments, on June 14, 1982, Northwest filed for reorganization under Chapter 11 of the Bankruptcy Code. On April 11, 1983, Northwest filed an adversary complaint requesting that the bankruptcy court vacate the assessments of the Department and the subsequent orders of the circuit and appellate courts. Northwest's complaint states that Section 505 of the Bankruptcy Code imbues this court with the authority to set aside the previous rulings and make its own substantive findings as to the amount of taxes Northwest owes. The Department responded by moving for either dismissal or abstention, arguing that Section 505 does not authorize the bankruptcy court to set aside substantive decisions rendered by another competent tribunal. It is this motion, involving assessment numbers F–48459, F–52504 and F–5981, which is presently before this court.

## III

The issue *sub judice* is whether there previously has been a contested hearing on the merits which would preclude this court from setting aside the final decision of the state tribunal pursuant to § 505 of the

---

**1.** Briefly, the legal bases which Northwest relied on were that the Department did not use its best judgment and information as that standard was set forth in *Grand Liquor Co. v. Dept. of Revenue*, 67 Ill.2d 472, 10 Ill.Dec. 472, 367 N.E.2d 1238 (1977); and, that the Department used a computer printout in assessing the deficiency against Northwest, contrary to the rule as set forth by the Illinois Supreme Court in *Grand Liquor, supra*.

**2.** Northwest's complaint for administrative review of assessment number F–5981 is still pending before the circuit court.

Bankruptcy Code. Section 505 provides in pertinent part:

§ 505. Determination of Tax Liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount of legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. (2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax, if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; ...

Section 505 is derived from the Bankruptcy Act sections which allowed the court to hear and determine questions concerning the amount or legality of unpaid taxes. Bankruptcy Act § 64(a)(4), 11 U.S.C. § 104a(4), *amended* by Bankruptcy Act § 2a(2A), 11 U.S.C. § 11a(2A) *(repealed* 1979); H.R.Rep. No. 595, 95th Cong., 1st Sess. 356 (1977), S.Rep. No. 989, 95th Cong., 2d Sess. 67 (1978), *reprinted in,* 1978 U.S.Code Cong. & Ad.News 5787, at 5853, 6312.

Several Act cases [3] have construed the language used in the predecessor Section to § 505 to mean that:

[W]here, after a hearing, a quasi-judicial body ... determines the amount of a tax due, with the right on the part of the taxpayer to a judicial review of the determination, all conformable with the requirements of due process, such determination, upon becoming final by operation of law, is conclusive upon a court of bankruptcy, save for mathematical error in the computation of the amount of the tax or legal error in its assessment. *In Re Monogahela Rye Liquors,* 141 F.2d 864, 868 (3rd Cir., 1944). *See also Arkansas Corp. Comm. v. Thompson,* 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941); *Quinn v. Aero Services,* 172 F.2d 157, 161 (9th Cir., 1949), *cert. den.* 338 U.S. 816, 70 S.Ct. 55, 94 L.Ed. 494 (1949). A bankruptcy court cannot redetermine questions of tax liability which have been contested prepetition in a state or federal court or a quasi-judicial agency. *In re Century Vault Company,* 416 F.2d 1035, 1041 (3d Cir., 1969); *City of Amarillo v. Eakens,* 399 F.2d 541, 543 (5th Cir.1968), *cert. den.,* 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *In re New England High Carbon Wire Corp.,* 39 B.R. 886, 889 (Bankr.D. Mass., 1984); *In re Continental Credit Corp.,* 1 B.R. 680, 685 (Bankr.N.D.Ill., 1979). In light of these cases, the proper inquiry appears to be whether Northwest's objections to the claims for tax deficiency have been contested and determined on the merits pursuant to an adversarial hearing.

Northwest maintains that it has not had a substantive administrative or judicial determination as to the propriety of the assessments. Concededly, the circuit and appellate courts did not get to the merits of Northwest's contentions because Northwest failed to meet the mandatory bond requirement.[4] However, Northwest overlooks the fact that prior to the filing of the petition for reorganization, it appeared and had full hearings before the Department regarding each of the assessments now at issue.

At each hearing, an officer presided, represented the Department and made recommendations to the Director. 86 Ill.Adm.

---

**3.** Cases decided under the Bankruptcy Act are persuasive under the Bankruptcy code where the language in the corresponding sections of the Act and the Code remain virtually unchanged.

**4.** The Illinois courts have held that the bond or lien requirement is a mandatory, non-jurisdictional prerequisite to administrative review which comports with due process. *Glasco Electric Co. v. Dep't. of Revenue,* 86 Ill.2d 346, 350, 352, 56 Ill.Dec. 10, 12–13, 427 N.E.2d 90, 92–93 (1981); and *Bee Jay's Truck Stop v. Dept. of Revenue,* 52 Ill.App.3d 90, 93–96, 9 Ill.Dec. 739, 742–744, 367 N.E.2d 173, 176–178 (1977), *cert. den.* 435 U.S. 970, 98 S.Ct. 1610, 56 L.Ed.2d 61 (1978).

Code § 200.115(b), 200.130. The hearings were adversarial and similar to court proceedings. 86 Ill.Adm.Code §§ 200.101(a), 200.115(c). Northwest was represented by counsel. It had the opportunity to request that the Department issue subpoenas to compel: (1) the attendance of witnesses, (2) the production of documents, or (3) witnesses to submit to depositions. Ill.Rev.Stat. Ch. 120 ¶ 449; 86 Ill.Adm.Code § 200.120. Northwest had the opportunity to present evidence. It chose not to do so and relied upon cross-examination of the Department's witnesses. Northwest also had the opportunity to file a brief with the Director after the hearing was concluded. 86 Ill. Adm.Code § 200.135.

■ The Department of Revenue acted as a quasi-judicial agency when it conducted hearings and then issued final assessments adverse to Northwest. The questions Northwest seeks to raise in this court were all, therefore, "contested before and adjudicated by ... [an] administrative tribunal of competent jurisdiction before the commencement of the case under [title 11]" as required by § 505(a)(2)(A). In accordance with the policy embodied in 505(a)(2)(A) when an administrative agency acts in a judicial capacity, resolving disputed issues of fact, and the parties have had an opportunity to litigate, *res judicata* applies. *See* 124 Cong.Rec. H11, 110 (daily ed. Sept. 28, 1978); 517, 410 (daily ed. Oct. 6, 1978). What Northwest is asking this court to do is take an impermissible second look at what has already been ruled upon by a competent tribunal. As the Supreme Court indicated in the *Arkansas* case *supra*, "[n]othing in this language [contained in the predecessor section of § 505] indicates that taxpayers in bankruptcy or reorganization are intended to have the extraordinary privilege of two separate trials, one state and one federal...." 313 U.S. at 142, 61 S.Ct. at 891.

■ Section 505 of the Bankruptcy Code and the predecessor section in the Act were enacted to "... protect[s] the estate from the negligence or indifference of a debtor who has defaulted in tax assess-

ment proceedings...." 3 *Collier on Bankruptcy*, 505–23 (15th ed. 1979). In enacting § 505, Congress was primarily concerned with protecting creditors from the dissipation of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor, due to his ailing financial condition, did not contest. *In Re Century Vault Co.*, 416 F.2d 1035, 1041 (3rd Cir.1969); *City of Amarillo v. Eakens*, 399 F.2d 541, 544 (5th Cir.1968), *cert. den.*, 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *In Re New England High Carbon Wire Co.*, 39 B.R. 886, 889 (Bankr.D.Mass., 1984). In the instant case, the purposes underlying § 505 would not be served by letting Northwest relitigate in this forum. Northwest previously raised and argued its objections in the state proceedings, and pursued appellate review. This illustrates that Northwest diligently pursued available avenues of relief, and is therefore not the "indifferent" debtor which § 505 was enacted to protect creditors against.

Northwest's reliance upon *In re Tapp*, 16 B.R. 315 (Bankr.D.Alaska, 1981), and *In re Continental Credit Corp.*, 1 B.R. 680 (Bankr.N.D.Ill.1979) is misplaced. In those cases, the debtor either failed to protest the tax assessments, *In re Continental Credit Corp.*, 1 B.R. 684, 686, or failed to appear and defend in court, *In re Tapp*, 16 B.R. at 317. And in each case, the bankruptcy court determined the debtor's tax liability after finding that there had been no prior contest or hearing. *In re Tapp*, 16 B.R. at 320; *In re Continental Credit Corp.*, 1 B.R. at 685–686. In contrast, Northwest had full hearings before the taxing authority regarding each of the tax assessments at issue in this case.

Accordingly, the court grants the motion of the Department dismissing the complaint as to assessment numbers F–48459 and F–52504. Further, the court presently abstains from proceedings on assessment No. F–5981 which is pending in the Circuit Court of Cook County. The Department is to submit a draft order in accordance with this opinion.