FREDMAN BROTHERS FURNITURE CO., INC., Petitioner-Appellant, *v.* THE DEPARTMENT OF REVENUE, Respondent-Appellee.

Third District No. 82—275

Opinion filed November 16, 1982.

Herbert I. Fredman, of Collinsville, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Scott D. Spooner, Assistant Attorney General, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Fredman Bros., a retail furniture business, and the Department of Revenue of our State, became embroiled in a controversy as to whether Fredman was liable for taxes due under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*). Notice of tax liability was issued by the Department on August 30, 1979, which was followed by an administrative hearing which led to the Department's issuance of a final assessment on August 24, 1981. Fredman's request for a rehearing was denied and on November 19, 1981, the taxpayer Fredman filed a complaint in the circuit court of Peoria County for judicial review of the final assessment. The Department filed a motion to dismiss based on section 12 of the Illinois Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451), which provides for involuntary dismissal in the event the plaintiff taxpayer fails to post a bond within 20 days after filing a complaint. After hearing the Department's motion to dismiss was granted, judgment was entered against Fredman, from which this appeal ensued.

The primary issue presented in this appeal is whether the trial court was correct in dismissing Fredman's suit for a review of the Department's tax assessment. In determining this issue further facts will

be set forth as they become pertinent.

Fredman argues that the filing of the bond within the statutory time was not jurisdictional and the same could be waived. In support of this argument Fredman relies on the supreme court case of *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 427 N.E.2d 90. We quarrel not with this argument, for in *Glasco* it was held that section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451), which requires the filing of an appeal bond within 20 days after complaint for review has been filed, is mandatory but not jurisdictional. In *Glasco* our supreme court further held that even though mandatory, the 20-day filing period could be waived and was waived in *Glasco* as the result of certain acts of the Department.

The question of "waiver" is not strongly urged in the instant case and rightfully so, because the record does not reflect sufficient facts or conduct on the part of the Department which could support a finding that the Department waived the 20-day filing requirement.

We note that in *Glasco* our supreme court determined that the legislative intent in requiring the filing of a bond by a taxpayer in a suit seeking review of an assessment was to protect the Department's interest against a taxpayer dissipating or otherwise disposing of assets while the review before the circuit judge is pending.

In the instant case Fredman had overpaid its sales tax in an amount between $14,132.94 and $12,535.32. The cause of the overpayment and the period of time the overpayments were made is immaterial. The Department knew or should have known of such overpayment. The trial court in its judgment found that Fredman had made overpayments in the amount of $12,535.32 and that the Department was entitled to $12,791.16, leaving a balance due and owing from Fredman in the sum of $255.84. Whether the computation of the trial court is correct or incorrect we have no way of knowing, since the taxpayer Fredman was not afforded an opportunity to have the Department's assessment reviewed. What is clear to this court is that the Department had sufficient funds of Fredman so that there was no danger that the State of Illinois would suffer a loss of tax revenue from Fredman because of dissipation or disposition of assets.

The facts in the instant case compel us to hold that the filing of a review bond is not mandated where the same is not required for the protection of the Department of Revenue. The Department, relying on a case from this court, argues that funds available to the State as the result of overpayment does not excuse the filing of the section 12 bond. The case cited by the Department in support of this contention

is *Streator Brick Systems, Inc. v. Department of Revenue* (1978), 58 Ill. App. 3d 8, 373 N.E.2d 1040. In *Streator Brick* we were confronted with a situation unlike that presented in the instant case in that the taxpayer had an overpayment credit with the Department of Labor in an amount in excess of the amount of unpaid taxes claimed by the Department of Revenue. This court held that the overpayment to the Department of Labor would not serve to alleviate the necessity of the taxpayer to file a bond in proceedings reviewing the Department of Revenue assessment. We noted that the Department of Revenue and Department of Labor are two separate and distinct entities. We would not cast upon the Department of Revenue the duty or burden of checking with or searching the records of other departments in order to determine if a taxpayer had a credit allowance which in some way might alleviate the filing of a section 12 bond. In the instant case the Department of Revenue knew or should have known of Fredman's overpayment and unreimbursed tax payments.

For the reasons stated the taxpayer Fredman should be permitted to have a review in the circuit court of the Department's tax assessment. The circuit court of Peoria County is reversed and this case is remanded with directions that Fredman be granted a review in said court.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.