TICK BROTHERS, INC., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Fourth District   No. 4—83—0148

Opinion filed September 13, 1983.—Rehearing denied November 14, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Kathleen N. Lien, Assistant Attorney General, of counsel), for appellants.

Joseph J. Neely, of Neely and Neely, of Metropolis, for appellee.

JUSTICE MILLS delivered the opinion of the court:
Use tax.
Administrative Review.

The Illinois Department of Revenue determined that Tick Brothers, Inc. (a Kentucky corporation whose business is steel distribution), owed a use tax assessment of $28,632.32.

Tick Brothers sought administrative review and the procedural chronology appears from the record to be as follows:

| | |
|---|---|
| Aug. 27, 1982 | Complaint filed, summons issued. |
| Sep. 9, 1982 | Department filed entry of appearance. |
| Sep. 27, 1982 | Tick Brothers appeal bond in the amount of $28,632.32 was presented, approved by the court, and filed. |
| Oct. 13, 1982 | Department filed "Motion to Strike Bond, Dismiss Complaint and to Enter Judgment in Favor of Defendants." |
| Oct. 29, 1982 | Tick Brothers filed "Motion to Strike Defendants' Motion to Strike Bond, Dismiss Complaint, and for Judgment." |
| Nov. 10, 1982 | Tick Brothers filed memorandum of law in support of their motion. |
| Nov. 15, 1982 | Department filed memorandum of law in support of its motion. |
| Dec. 14, 1982 | The court's docket entry: "Plaintiff's motion to strike defendants' pleading of October 13, 1982, denied. Defendants' motion to strike bond dismissed complaint denied. Rule on |

defendant to file answer within 30 days and plaintiff to pay cost of answer within 30 days."

Jan. 19, 1983    Tick Brothers filed motion for entry of judgment in favor of plaintiff.

Jan. 27, 1983    The court entered a written judgment order finding the Department in default for having failed to answer or give notice of cost within 30 days, found Tick Brothers' complaint to have been confessed by the Department, reversed the Department's use tax assessment, entered judgment in favor of Tick Brothers and against the Department, cancelled the appeal bond, and awarded Tick Brothers court costs.

The Department elected to stand on its motion to dismiss the complaint and appeals to this court.

The Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451) provides as follows:

"Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided."

■ As the Department correctly argues, the above provision has been held to be mandatory. In *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351, 427 N.E.2d 90, 92-93, our supreme court said:

"Thus, there can be no question that, prior to the expiration of the 20-day period following the filing of the complaint, the circuit court had jurisdiction. The question that arises is whether the court was divested of jurisdiction when the plaintiff's bond was not filed within 20 days. In construing a statute it is of course fundamental that we seek to ascertain the legislature's intention. We consider that the Department correctly contends that viewing the language 'shall be dismissed' in 'the

context of the entire statute, looking particularly to the purpose of the legislation' (*Zimmerman Brush Co. v. Fair Employment Practices Com.* (1980), 82 Ill. 2d 99, 103, [44 Ill. Dec. 308, 411 N.E.2d 277]), the provision that a bond is to be filed within 20 days is to be construed as mandatory. (See also *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, [15 Ill. Dec. 648, 373 N.E.2d 1332]; *In re Armour* (1974), 59 Ill. 2d 102, 104, [319 N.E.2d 496].) This construction is required to protect the Department's interest against a taxpayer's dissipating or otherwise disposing of assets while the review before the circuit court is pending. This, we judge, was certainly the legislature's intent."

■ Mandatory though the subject provision is, however, it can be waived. Indeed, it was waived by the Department in *Glasco* where a phone conversation with the Illinois Attorney General's office regarding the bond took place. But waiver is not an applicable theory here, since the Department specifically attempted to invoke and enforce the 20-day provision and then stood on its motion when the court refused to go along with its provision.

■ But there is another aspect to this matter which is most persuasive with us. And that is the very purpose of the statutory provision. *Glasco* teaches us in no uncertain terms that the purpose of the mandatory 20-day provision is to protect the State's interest against "a taxpayer's dissipating or otherwise disposing of assets while the review before the circuit court is pending." In *Fredman Brothers Furniture Co. v. Department of Revenue* (1982), 110 Ill. App. 3d 479, 480, 442 N.E.2d 627, 628, the Third District held that where there was an overpayment of sales tax, "the filing of a review bond is not mandated where the same is not required for the protection of the Department of Revenue."

In the case *sub judice*, the bond was filed late in violation of the mandatory provision and there was no waiver or acquiescence by the Department. But the purpose of the Act—to protect the Department's interest against dissipation or disposition of taxpayer's assets—was still protected by the surety bond which was presented and approved by the court. *Glasco; Fredman.*

■ It is also clear to us that this case should be determined upon its merits and not resolved by a lot of fancy procedural footwork and gamesmanship. The 20-day bond provision was up on September 16, yet the Department waited another 27 days before asking for a dismissal and judgment—and 17 days *after* the bond had been presented and approved by the court. Had the Department moved before the

late bond was filed, the cause would indeed be in a different posture; but such is not the case. And it is useless to point to the statutory wording—"or the court on its own motion"—and argue that the court was required to act *sua sponte*. This is still an adversary system and no court is self-starting. It is unrealistic to expect busy trial judges to perpetually police every case pending and then expect them to do the attorneys' work for them. The statute gives the court the power, but lawyers are required to follow, monitor and motivate the cases of their clients.

Although this case should be decided on its merits, such cannot be on the posture of this record. Unfortunately, the taxpayers of the State must necessarily forego an addition to the public coffers of whatever amount of use tax—if any—Tick Brothers rightfully owe. The Department of Revenue staked everything on its motion to dismiss the complaint. Its motion was denied and it was ordered to join issue by answer within 30 days. It failed to do so and was defaulted. The Department let everything ride on the motion—and lost. Herein lies the risk of placing all bets on a procedural hand. Although defaults are not favored, there is nothing here which would indicate a mistake, inadvertence, or misapprehension on the part of the Department—the scenario was knowingly and consciously crafted. It was a gamble, and the Department lost.

Affirmed.

WEBBER, P.J., and GREEN, J., concur.