(No. 59475)

TICK BROTHERS, INC., Appellee, v. THE DEPART-
MENT OF REVENUE *et al.*, Appellants.

*Opinion filed October 19, 1984.*

Neil F. Hartigan, Attorney General, of Springfield
(Patricia Rosen and Kathleen M. Lien, Assistant Attor-
neys General, of Chicago, of counsel), for appellants.

Joseph J. Neely, of Neely and Neely, of Metropolis,
for appellee.

JUSTICE SIMON delivered the opinion of the court:

The Department of Revenue assessed a use tax
against Tick Brothers, Inc., and Tick sought administra-

tive review in the circuit court of Sangamon County. Section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451), which applies also to the use tax (Ill. Rev. Stat. 1981, ch. 120, par. 439.12), provides in part:

> "Any suit under the 'Administrative Review Act' to review a[n] *** assessment issued by the Department *** shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety *** or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the *** assessment, together with *** interest *** and for costs ***."

Tick failed to file a bond within 20 days after the issuance of summons, but after 30 days it presented, and the circuit court approved, a document purporting to be an appeal bond. The record shows no notice to the Department of this filing, and the Department did not participate in the proceeding. The Department did not respond to the complaint by filing the administrative record or moving against the complaint within the time specified by statute and supreme court rule, but instead, two days after its response was due, the Department moved to dismiss the suit because of the untimely bond. Tick moved to strike the motion to dismiss as itself untimely and asked for judgment by default. The circuit court denied all motions and ordered the Department to answer. The Department elected to stand on its motion, and in due course the circuit court held the Department in default and the complaint confessed and entered judgment for Tick, thus setting aside the administrative decision.

The appellate court affirmed, pointing out that the

purpose of section 12 is to protect the revenue by making sure the Department will be able to collect its tax if it wins the case. It reasoned that when the Department moved to dismiss, the revenue was already fully protected by a previously filed bond, and the circuit court was therefore correct to refuse to dismiss the complaint under section 12. 118 Ill. App. 3d 729.

We reverse. Whatever may be the merits of the appellate court's approach in the abstract, the facts here do not support it.

The document filed by Tick reads (minus caption, signatures, and date) as follows:

> "To obtain appeal in the above referenced matter, we, Tick Brothers, Incorporated, Plaintiff, and The Fidelity and Casualty Company of New York, #80 Maiden Lane, New York, New York 10038, Surety, undertake to secure that within thirty days after termination of proceeding for judicial review of the amount of tax and penalty and interest found by the Court to be due in such proceeding for judicial review, by executing this bond in the amount of Twenty Eight Thousand Six Hundred Thirty Two and 32/100 Dollars ($28,632.32)."

While nobody has raised this question previously in this proceeding, this is not a bond. No one promises to pay anything; what was filed contains no operative language. Furthermore, there was a failure here to comply with a statutory requirement that no bond shall be filed without notice to the Department (Ill. Rev. State 1981, ch. 110, par. 3—111(9)). Thus, when the Department moved to dismiss, no proper bond had been filed, and the revenue was not protected.

In this case, the bond was the only means of protecting the revenue; no lien or other method was employed or suggested. Whatever may be the rule for an untimely bond tendered before a motion to dismiss, there can be no doubt that the Department is entitled to a dismissal if

it so moves before an adequate bond is tendered. To let Tick wait beyond the statutory period until the Department moves to dismiss, and produce a valid bond only in response to that motion, would distort section 12 beyond recognition. The circuit court should therefore have granted the Department's motion to dismiss.

If the Department sued to enforce or reform the bond, it might perhaps succeed; but the Department is not required to "buy a lawsuit." Similarly, Tick might conceivably have been able to procure a revised, proper bond from the Fidelity and Casualty Company, given some indefinite additional time, but Tick's time had run out, particularly after the Department filed its motion to dismiss. Section 12 demands, in lieu of literal compliance, clear proof that the revenue is protected, not just a likelihood that somehow an acceptable bond will later be supplied. The bond here was the only form of protection offered, and in the form in which it was filed it provides no such assurance.

Courts occasionally stretch the letter of a statute in light of its purpose. We do not, however, simply disregard statutes to rescue litigants and their bonding companies when everything has been done wrong. A late bond is one thing; a late, *ex parte,* defective bond is another. We are not here deciding merely the status of a late bond; Tick's untimely attempt to file a defective bond which was no bond at all and without even any notice to the Department cannot be excused.

The Department's default does not matter. Section 12 provides that upon failure of the person bringing the proceeding to file a bond, the court shall dismiss the suit on its own motion. The Department's motion may be practically necessary to bring the matter to the court's attention, but it is not legally required. The Department may, of course, waive its right to a timely bond by express agreement (*Glasco Electric Co. v. Department of*

*Revenue* (1981), 86 Ill. 2d 346), or perhaps by proceeding without objection to the merits of the case, but no waiver should be inferred from a short delay in filing the papers. If anything, the Department's cavalier attitude about responding shows its confidence that there was no viable complaint to be answered.

We are not persuaded by Tick's argument that in the absence of the administrative record the administrative decision is void and no bond is needed to attack it. The statutory schedule, to which Tick raises no objection, clearly provides that the bond is due long before the administrative record. (See Ill. Rev. Stat. 1981, ch. 120, par. 451; Ill. Rev. Stat. 1981, ch. 110, par. 3—106; 87 Ill. 2d R. 291(c).) If the complaint is, or should be, stricken under section 12, the Department need not thereafter answer it.

The judgments of the appellate court and the circuit court of Sangamon County are reversed, and the cause is remanded to the circuit court with directions to enter judgment for the Department in accordance with section 12.

*Judgments reversed; cause remanded, with directions.*