COTTAGE HILL OPERATING COMPANY, Plaintiff-Appellee and Cross-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant and Cross-Appellee.

Second District   No. 84—421

Opinion filed July 18, 1985.—Rehearing denied August 16, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan and Bonnie Bona, Assistant Attorneys General, of Chicago, of counsel), for appellant.

John J. Jawor, Wilbur H. Boies, and Roger W. Wenthe, all of McDermott, Will & Emery, of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Illinois Department of Revenue, appeals from a decision of the circuit court which denied the Department's motion to dismiss the complaint for administrative review of plaintiff, Cottage Hill Operating Company (taxpayer), for failure to timely file its appeal bond. The Department also appeals from the decision of the circuit court reversing, in part, final administrative decisions of the Department which had imposed additional liability for use and RTA taxes upon taxpayer. The plaintiff-taxpayer has cross-appealed from the decision of the circuit court affirming its liability for other additional taxes.

Taxpayer is a for-profit corporation which by contracts with several school districts provided bus transportation of children to and from school. During the period in question, taxpayer operated about 100 buses, most of which were owned by the school districts with which it contracted, and it also owned about 18-20 of the buses used in the business. Taxpayer provided drivers for the buses and cleaning, maintenance and storage services on its premises. It purchased gasoline from Texaco without payment of sales taxes and, under the provisions of its contracts with the school districts, taxpayer was reimbursed by the districts for the cost of the fuel.

In an audit of taxpayer's records, the Department found it owed $21,141.66 for unpaid use tax and $12,969.32 for unpaid RTA taxes for the period 1977-1980, including interest and penalties. Notices of assessment were issued, which taxpayer protested, and an administrative hearing was conducted in August 1981, at which evidence was received relating to the issue. The hearing officer thereafter found that taxpayer, which contended it was an agent for the schools, was improperly attempting to take advantage of the tax exemption granted to the schools. He concluded taxpayer was an independent contractor for profit which had purchased the gasoline in order to perform its contracts with the school district and the purchases were, therefore, not exempt from taxation. Final assessments of tax liability were thereafter issued by the Department on May 5, 1982, in the original sums assessed against taxpayer.

On June 9, 1982, taxpayer sought review of the administrative decision by filing a complaint in the circuit court pursuant to the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 264 *et seq.*). By motion filed July 13, 1982, the Department sought dismissal of the complaint and judgment because taxpayer had failed to file an appeal bond within 20 days of filing its complaint as is re-

quired by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451). On July 16 taxpayer sought leave to file a late bond, which was granted by the trial court, and the taxpayer then filed its bond in the sum of $40,000.

On review, the trial court reversed the administrative decision of the hearing officer as against the evidence as to all of the subject purchases of gasoline by taxpayer, except as to one school district. The court determined taxpayer had acted as purchasing agent for all of the districts, except one, and was thus exempt from taxes for those purchases. As to the remaining district, the cause was remanded for an administrative hearing to determine the amount of tax owed for those nonexempt purchases. After further hearing, a finding was made by the hearing officer that taxpayer owed the Department $2,473.71 for unpaid use tax and $986.49 for unpaid RTA tax, including interest and penalties. The circuit court thereafter affirmed those assessments and taxpayer appeals from that order.

■ We find the trial court erred in permitting taxpayer to file a late appeal bond and in not granting the Department's motion for dismissal of the complaint for administrative review and entering judgment for the Department.

Section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451), which applies also to the use tax (Ill. Rev. Stat. 1981, ch. 120, par. 439.12) and the RTA tax (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 704.03), provides in pertinent part:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment or revised final assessment, and for costs, upon which judgment execution may issue as in other cases."

Although the appeal bond requirement was not jurisdictional in this

case[1], it is mandatory as a bond is necessary to protect the State against a taxpayer's dissipating or otherwise disposing of assets while review is pending before the circuit court. *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351, 427 N.E.2d 90; *Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 813, 457 N.E.2d 118.

In *Tick Brothers, Inc. v. Department of Revenue* (1984), 104 Ill. 2d 61, 63-64, 470 N.E.2d 313, our supreme court noted,

> "Whatever may be the rule for an untimely bond tendered before a motion to dismiss, there can be no doubt that the Department is entitled to a dismissal if it so moves before an adequate bond is tendered. To let [the taxpayer] wait beyond the statutory period until the Department moves to dismiss, and produce a valid bond only in response to that motion, would distort section 12 beyond recognition."

Although, as the taxpayer here argues, there is a rule of statutory construction that courts will liberally construe a right to appeal so as to permit a case to be considered on its merits, the requirements of section 12 are mandatory and violation will ordinarily result in dismissal. (See *Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 457 N.E.2d 118; *Avondale Liquor Store, Inc. v. Department of Revenue* (1983), 116 Ill. App. 3d 804, 452 N.E.2d 607, *appeal denied* (1983), 96 Ill. 2d 537.) One who seeks judicial review of an administrative decision must act promptly and within the time prescribed by statute. *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 305, 154 N.E.2d 691.

This taxpayer was allowed to file its appeal bond on the 37th day after its complaint was filed, which was three days after the Department filed its motion to dismiss. It contends, however, that compliance with section 12 was not required in this case as (1) the tax revenue sought by the Department was protected because Texaco (taxpayer's gasoline supplier) had paid taxes on those purchases and the Department already possessed the revenue at issue; and (2) the Department waived the dismissal issue by its conduct subsequent to denial of the motion to dismiss.

Taxpayer cites *Fredman Brothers Furniture Co. v. Department of Revenue* (1982), 110 Ill. 3d 479, 442 N.E.2d 627, to support its assertion a bond is not required under section 12 where the revenue

---

[1]Section 12 was subsequently amended by Pub. Act 83—1085, sec. 4, effective January 5, 1984, to describe the bond requirement as a "jurisdictional prerequisite." Ill. Ann. Stat., ch. 120, par. 451 at 263-65 (Smith-Hurd Supp. 1985).

sought is already protected from dissipation because the Department of Revenue has possession of other monies from which the current claim can be satisfied. In *Fredman,* the reviewing court considered whether a trial court correctly dismissed a taxpayer's complaint because the taxpayer had not complied with the bond statute. Prior to dismissing the complaint, which sought review of a tax assessment for $12,791.16 in unpaid sales tax, the trial court had found as fact that the taxpayer earlier had overpaid sales tax in the amount of $12,535.32, and it had entered judgment for the Department for the balance of $255.84. On review, the court reversed the dismissal because, in light of the overpayment, no bond was required because the revenue sought was protected, for the most part, by monies the Department possessed because of the overpayment. *Fredman Brothers Furniture Co. v. Department of Revenue* (1982), 110 Ill. App. 3d 479, 480-81, 442 N.E.2d 627.

Taxpayer suggests the present case parallels the circumstances in *Fredman.* It argues that Texaco, its gasoline supplier, had earlier paid tax under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 440 *et seq.*) on taxpayer's purchases of gasoline for most of the audit period at issue, and in an amount which approximates the amount of taxes sought from taxpayer. It is clear the State cannot collect tax on the same purchase from both the retailer and purchaser. *Klein Town Builders, Inc. v. Department of Revenue* (1966), 36 Ill. 2d 301, 304, 222 N.E.2d 482.

Taxpayer points to several matters of record as supporting its claim. It first notes that the Department, before the trial court's decision on the merits, moved for remand for further administrative hearings in order to determine to what extent Texaco may have already paid the taxes due on the gasoline purchases at issue. The Department's motion recited that Texaco had "allegedly" paid some or all of the taxes, according to conversations with the attorneys for taxpayer and Texaco and examination of the court file in *Texaco, Inc. v. Cottage Hill Operating Co.* (at some time during these proceedings Texaco sued taxpayer in the United States District Court for the Northern District of Illinois for recovery of ROTA taxes it allegedly had paid; taxpayer's brief indicates it has moved to stay that Federal diversity action pending resolution of this case).

Contrary to taxpayer's present argument, the Department's motion for remand does not admit that the ROTA taxes Texaco apparently did pay included any or all of the purchases involved here. Nor was there an administrative or judicial finding, as was true in *Fredman Brothers Co. v. Department of Revenue* (1982), 110 Ill. App. 3d

479, 442 N.E.2d 627, that the taxes Texaco had paid were for the purchases at issue. While taxpayer argues that the trial court's remand for further administrative proceedings was pursuant to the Department's motion, and that the hearing officer at the second hearing made a finding consistent with this claim, the record does not support the taxpayer. The court's order of February 14, 1983, which reversed the earlier administrative decision and found taxpayer was a purchasing agent for all but one of the schools, remanded only for a determination of the portion of the initial tax assessments which applied to unpaid taxes on gasoline purchases for the remaining school. The order made no finding that Texaco had paid some or all of the taxes being sought and did not reflect that the new hearing was to determine that matter. Indeed, for the most part this issue was superfluous, as the trial court had found most of the purchases were tax-exempt.

It is true that on remand it appears the hearing officer computed the tax due on the assumed basis that Texaco had paid some of the taxes for gasoline purchases for the one school at issue. This appears to have resulted from taxpayer's counsel's statement at the hearing that the remand was limited to purchases of gasoline during the period of January 1, 1980, to July 1, 1980, because the assistant Attorney General representing the Department had "stipulated" that Texaco had paid taxes on gasoline purchases before January 1. Taxpayer's counsel also told the hearing officer that he personally knew that the earlier taxes had been paid by Texaco and that the court, in its remand order, had so assumed. Taxpayer's counsel was not under oath when he made these representations, and counsel for the Department was not present at the hearing.

If, as it appears, the hearing officer accepted these representations and acted accordingly, such nevertheless does not constitute a finding of fact that Texaco had paid taxes on the purchases made by taxpayer. While taxpayer did on remand introduce in evidence Texaco's amended State tax return, which reflected ROTA and RTA taxes it had paid for the period of July 1976 through December 1979, the return failed to indicate if any or all of those taxes were for sales to taxpayer of gasoline used to perform the contracts at issue.

■ We conclude the taxpayer failed to establish by clear proof that the revenue in issue was protected absent the required bond (see *Tick Brothers, Inc. v. Department of Revenue* (1984), 104 Ill. 2d 61, 64, 470 N.E.2d 313), and it may not be excused from doing so. We note, too, that the taxpayer did not assert in the trial court that

an appeal bond was not required on these grounds, or there offer proof of such other security, nor did taxpayer offer as a defense to the tax collection efforts of the Department evidence Texaco had paid them. We are unwilling to speculate on this record that the revenue was protected or to hold the appeal bond was not required.

■ The taxpayer also contends the Department has waived the requirement of a timely bond. It is true this requirement can be waived by express agreement, or by failing to move to dismiss a taxpayer's complaint for failure to file a bond and, instead, proceeding to the merits of the case. (*Tick Brothers, Inc. v. Department of Revenue* (1984), 104 Ill. 2d 61, 64-65, 470 N.E.2d 313; *Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 813, 457 N.E.2d 118.) Taxpayer argues that because the Department, in its motion for remand for further evidentiary proceedings, requested affirmative relief from the circuit court and accepted the right of the court to exercise "jurisdiction" over the case, it has waived the dismissal issue.

There is no issue of jurisdiction in this case (*Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351, 427 N.E.2d 90), and taxpayer's argument is unsupported. The only specific authority offered is *McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 348 N.E.2d 500, *appeal denied* (1976), 63 Ill. 2d 557, in which the court held that one cannot assert a lack of *in personam* jurisdiction if he appeared and participated in trial proceedings. The Department was not required to stand on its motion to dismiss in this case but, having thereby preserved the appeal bond issue, could appropriately proceed with the merits of the taxpayer's claim. (See *Tick Brothers, Inc. v. Department of Revenue* (1984), 104 Ill. 2d 61, 470 N.E.2d 313; Ill. Rev. Stat. 1983, ch. 110, par. 2—619(e) ("[p]leading over after denial by the court of a motion [for involuntary dismissal] is not a waiver of any error in the decision denying the motion").

As the issue discussed is dispositive we need not consider other arguments of the parties or the Department's motion to strike a portion of taxpayer's reply brief.

Accordingly, the judgment of the circuit court is reversed and the cause remanded with directions to enter judgment for the Department in accordance with section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 451).

Reversed and remanded with directions.

SCHNAKE and STROUSE, JJ., concur.