MEYER STEEL DRUM, INC., Plaintiff-Appellant, v. THE DEPARTMENT
OF REVENUE, Defendant-Appellee.

First District (5th Division)   No. 85—3271

Opinion filed January 23, 1987.

DeJong, Poltrock & Giampietro, of Chicago (Richard D. Boonstra, of
counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones
Stewart, Solicitor General, and Imelda R. Terrazino, Assistant Attorney
General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Meyer Steel Drum, Inc., appeals from entry of an ad-
ministrative review order granting defendant Illinois Department of
Revenue's (the Department's) motion to dismiss plaintiff's complaint

for failure to file a bond pursuant to section 12 of the Retailer's Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 451) and from entry of a judgment of $42,088.37 against plaintiff. Plaintiff timely filed its complaint for administrative review in September 1984 and, in September 1985, the Department moved to dismiss for plaintiff's failure to file the requisite bond. After arguments, the trial court granted the dismissal, denied plaintiff's motion to file a bond, and entered the money judgment.

On appeal, plaintiff contends that the trial court erred in relying on section 12 (Ill. Rev. Stat. 1985, ch. 120, par. 451) because that section is internally contradictory and violative of the separation of powers clause (Ill. Const. 1970, art. I, sec. 9) and of the constitutional grant of authority to circuit courts "to review administrative action as provided by law" (Ill. Const. 1970, art. VI, sec. 9). Plaintiff further argues that it was error to deny its motion for leave to file the required bond as a matter of equity and because plaintiff's due process rights were violated. We must disagree with plaintiff and affirm the trial court for the following reasons.

Plaintiff's contention that the trial court lacked jurisdiction to enter judgment must be determined by examining the sources of circuit court jurisdiction. Subject matter jurisdiction is conferred on courts by the Illinois Constitution or by legislative enactment. (*Knaus v. Chicago Title & Trust Co.* (1937), 365 Ill. 588, 592, 7 N.E.2d 298.) The Illinois Constitution grants to the circuit courts "original jurisdiction of all justiciable matters," but provides that the courts "shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, sec. 9.) Section 12 of the Retailers' Occupation Tax Act provides for review of final administrative decisions of the Department of Revenue under the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 120, par. 451.) Section 12, as amended effective January 5, 1984, provides, in pertinent part:

> "Any Action under the Administrative Review Law to review a final assessment or revised final assessment issued by the Department *** shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such action files, with the court, within 20 days after the filing of the complaint, and the issuance of the summons in the action, a bond *** or unless the court, in lieu of the bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. Upon dismissal of any complaint for failure to comply with the *jurisdictional prerequisites* herein set forth, *the court is empowered to and shall enter judgment* against the

taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, and for costs, which judgment is enforceable as other judgments for the payment of money." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 120, par. 451.

■■ Prior to the recent amendment to section 12, the requirement that a plaintiff file an appeal bond within 20 days of a complaint and issuance of a summons for judicial review of an assessment was interpreted as being mandatory, but not jurisdictional. (*Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 350, 427 N.E.2d 90.) Shortly after the *Glasco* decision, the legislature amended section 12 by inserting the language "jurisdictional prerequisites." (Ill. Rev. Stat. 1985, ch. 120, par. 451.) Plaintiff in the case at bar contends that since these "jurisdictional prerequisites" were not met, the circuit court had no jurisdiction to enter judgment. We disagree. When a court is exercising special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 486 N.E.2d 893.) Thus, if the jurisdictional requirements are not fulfilled, the court has no jurisdiction to review the final administrative decision. 109 Ill. 2d 202, 211, 486 N.E.2d 893.

■■ The language of section 12 clearly denies jurisdiction to the court to review the Department's decision on the merits. But the statute expressly reserves jurisdiction, upon dismissal of the complaint, to the court to enter judgment in the amount of the Department's final assessment in two situations: (1) where the jurisdictional requirement of filing a bond is not followed, and (2) if payment for the administrative record is not made within 30 days of the notification of the cost thereof. (Ill. Rev. Stat. 1985, ch. 120, par. 451.) In *Department of Revenue v. Joch* (1951), 410 Ill. 308, 102 N.E.2d 155, the court held that failure to comply with statutory time limitations did not subject a decision to collateral attack for lack of subject matter jurisdiction since an action to recover retailers' occupation tax is, in substance, a common law action of debt over which circuit courts have general jurisdiction. 410 Ill. 308, 315, 102 N.E.2d 155.

Therefore, it is apparent that section 12 denies a circuit court jurisdiction to review a final administrative decision of the Department when the requisite bond has not been timely filed while, at the same time, the statute reserves to the court the general jurisdiction necessary to make the Department's final assessment enforceable. For this court to hold, as plaintiff suggests, that the trial court lost all jurisdiction over the matter, thus requiring the Department to bring a

common law action in debt, would be putting procedure over substance and would be warping the legislative intent evidenced by its express authorization to the court to enter judgment for the Department upon dismissal of the complaint.

■ Plaintiff's contention that it was denied due process by the trial court's denial of its motion to file a late bond is without merit. Plaintiff's tardy motion to file a bond was not made until September 19, 1985, nearly one year after the complaint was filed (and nine months after summons was issued) and after the Department moved to dismiss pursuant to section 12. The trial court had dismissed the cause for want of prosecution on March 22, 1985, vacated the dismissal on plaintiff's motion on May 1, 1985, and transferred the cause from the chancery division to the tax division in July 1985. On any of these occasions or at any time before arguments on the Department's motion to dismiss, plaintiff could have moved to voluntarily dismiss the matter in order to refile within one year with the appropriate bond, thus preserving its day in court. (See *Moody's Investors Service, Inc. v. Department of Revenue* (1984), 101 Ill. 2d 291, 461 N.E.2d 972.) Moreover, once the Department moved to dismiss, it was entitled to dismissal. The court in *Tick Brothers, Inc. v. Department of Revenue* (1984), 104 Ill. 2d 61, 470 N.E.2d 313, noted that to let a plaintiff wait until the Department moves to dismiss before tendering the required bond "would distort section 12 beyond recognition." (104 Ill. 2d 61, 64, 470 N.E.2d 313, 315.) This court additionally recognizes that the bond requirement of section 12 has been consistently held not to violate due process or equal protection. See, *e.g., Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 457 N.E.2d 118; *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173.

Similarly, plaintiff's assertion that the Department waived strict compliance with section 12 is without merit. There are no facts in the record to support the finding of a waiver. In any event, the bond requirement, being jurisdictional, could not be waived by the parties. *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 353, 427 N.E.2d 90.

For the foregoing reasons, the order of the trial court dismissing plaintiff's complaint and entering judgment in the amount of the Department's final assessment is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.