No. 2--04--0872

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

PETER F. JAKSTAS, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellee, ) 

)

v. ) No. 04--MR--860

)

NANCY KOSKE, as Chairperson of the )

Electoral Board of the Village of Fox Lake, )

NOEL WORKING, as Member of the Electoral ) 

Board of the Village of Fox Lake, TED BESKO,)

as Member of the Electoral Board of the Village )

of Fox Lake, and THE ELECTORAL BOARD )

OF THE VILLAGE OF FOX LAKE )

) 

Defendants ) Honorable

) Terrence J. Brady,

(Matthew Kovar, as Objector, Defendant- ) Judge, Presiding.

Appellant). )

______________________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Following a hearing, the Electoral Board of the Village of Fox Lake (Board) sustained an objection  filed by defendant Matthew Kovar challenging the sufficiency of a citizen's public question referendum petition.  Plaintiff, Peter Jakstas, sought judicial review.  The circuit court of Lake County reversed the decision of the Board, ordering that the public question be placed upon the November 2004 ballot.  On appeal, Kovar argues that the referendum petition sheets were neither securely  bound nor consecutively numbered, as required by section 28--3 of the Election Code.  10 ILCS 5/28--3 (West 2002).  We reverse.

I.  BACKGROUND

The Village of Fox Lake board of trustees adopted an ordinance authorizing the issuance of up to $4,950,000 in general obligation alternate revenue bonds to aid in the financing of a proposed Fox Lake hotel and water park.  Jakstas, and other citizens of Fox Lake, circulated a public question petition seeking to have the ordinance submitted to a vote of the people of Fox Lake at the November 2004 general election.  Jakstas filed the petition with the Fox Lake clerk's office on June 29, 2004.  The petition's numerous sheets contained 643 signatures, which exceeded the 417 signatures required to place the question on the ballot.

On July 7, 2004, Kovar filed an objector's petition with the Board.  Kovar's petition challenged the sufficiency of Jakstas' petition and sought to keep the public question off of the November 2004 ballot.  Kovar's numerous objections included that the petition was not securely bound and that the petition sheets were not consecutively numbered, both in violation of section 28--3 of the Election Code.  10 ILCS 5/28--3 (West 2002).

At a Board hearing, Jakstas testified regarding his actions in submitting the petition.  Jakstas stated that, before filing, he collected all of the signature sheets from the other citizen circulators, grouped the sheets by circulator, and then paper-clipped each circulator's sheets together.  Further, Jakstas indicated that each group of sheets from an individual circulator was paper-clipped separately.  The sheets from circulators who had completed only one were not paper-clipped or bound to any of the other sheets.  Carol Ward, Fox Lake deputy clerk, testified that, after Jakstas gave her the signature sheets, she removed the paper clips, stamped and photocopied each sheet, and then fastened all of the sheets together with a large binder clip.

Jakstas also stated that he numbered the sheets, again by individual circulator.  For example, the sheets from a circulator turning in seven were numbered "1 of 7," "2 of 7," etc.  Sheets from circulators turning in only one were numbered "1 of 1."

On July 23, 2004, the Board issued its written findings and order overruling 16 of Kovar's 17 objections, including his objection that the petition was not securely bound.  The Board sustained Kovar's objection that the pages were not consecutively numbered as required by section 28--3.  Because it sustained the page-numbering objection, the Board invalidated every signature on the petition.

Pursuant to section 10--10.1 of the Election Code (10 ILCS 5/10--10.1 (West 2002)), Jakstas sought judicial review of the Board's decision, filing a three-count complaint in the Lake County circuit court on July 30, 2004.  Count I requested review of the Board's order sustaining Kovar's page-numbering objection.  Counts II (challenging the constitutionality of the Board proceedings) and III (alleging a violation of the Open Meetings Act (5 ILCS 120/1 
et seq
. (West 2002))) were dismissed.  The court also considered Kovar's request to reverse the Board's order overruling his objection that the petition sheets had not been securely bound.

Using the standard of substantial compliance, the trial court agreed with the Board in part, finding that the petition pages had been securely bound.  The court disagreed, however, with the Board's sustaining Kovar's objection that the pages had not been consecutively numbered.  The court reversed the Board's final decision invalidating the petition's signatures and ordered the revenue bond ordinance placed on the November 2004 ballot and put to a vote of Fox Lake citizens.  Kovar filed a timely notice of appeal.

II.  ANALYSIS

This court granted expedited consideration of the case, pursuant to Supreme Court Rule 311 (155 Ill. 2d R. 311).  We review the Board's decision rather than the judgment of the trial court.  
Bergman v. Vachata
, 347 Ill. App. 3d 339, 344 (2004).  Factual findings of an electoral board are considered 
prima facie
 true and correct.  
King v. Justice Party
, 284 Ill. App. 3d 886, 888 (1996).  Such factual findings will not be overturned unless they are against the manifest weight of the evidence.  
King
, 284 Ill. App. 3d at 888.  However, in reviewing a question of law, such as the interpretation of a statute, the standard of review is 
de novo
.  
Brennan v. Kolman
, 335 Ill. App. 3d 716, 719 (2002).  While we give great deference to the determinations of the Board as to the weight of the evidence and the credibility of the witnesses, we are not bound by the Board's interpretation of statutory law.  See 
King
, 284 Ill. App. 3d at 888.

In a provision regarding the required form of a petition for public question, section 28--3 of the Election Code states that petition sheets "before being filed with the proper officer or board shall be bound securely and numbered consecutively."  10 ILCS 5/28--3 (West 2002).  Legislative directives containing the word "shall" are typically interpreted to be mandatory.  
Brennan
, 335 Ill. App. 3d at 719.  If a statute imposes requirements and expressly states that the failure to fulfill those requirements renders the subject proceeding void, courts are generally bound to interpret the statute as mandatory.  
Brennan
, 335 Ill. App. 3d at 719.  Section 28--3 contains such an express statement, directing that, "No signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with."  10 ILCS 5/28--3 (West 2002).  Because section 28--3 imposes requirements by using "shall" and contains an express statement voiding the petition if the requirements are not fulfilled, it is considered a mandatory provision.  Public question petitions must be bound securely and numbered consecutively.

Mandatory does not mean strict, however.  Substantial compliance can satisfy even a mandatory provision of the Election Code.  
Brennan
, 335 Ill. App. 3d at 720; 
King
, 284 Ill. App. 3d at 890.  Kovar cites a line of cases in his brief, arguing that the Illinois Supreme Court rejected the doctrine of substantial compliance in regard to election laws in 
DeFabio v. Gummersheimer
, 192 Ill. 2d 63 (2000).  See 
Bendell v. Education Officers Electoral Board for School District 148
, 338 Ill. App. 3d 458 (2003); 
Knobeloch v. Electoral Board for the City of Granite City
, 337 Ill. App. 3d 1137 (2003); 
Powell v. East St. Louis Electoral Board
, 337 Ill. App. 3d 334 (2003).  However, the Appellate Court, First District, interpreted 
DeFabio
 differently:

"We do not agree with the 
Knobeloch
 court's interpretation of the Illinois Supreme

Court case of 
DeFabio v. Gummersheimer
 [citation] as rejecting the substantial compliance

theory for mandatory provisions.  
DeFabio
 was a case involving noncompliance, not substantial compliance.  'Substantial compliance' was neither raised by the parties nor addressed by the court in 
DeFabio
.  We interpret the 
DeFabio
 opinion as standing for the proposition, with which we agree, that mandatory provisions must be complied with even where parties agree there is no knowledge or evidence of fraud or corruption."  (Emphasis omitted.)  
Bergman
, 347 Ill. App. 3d at 345.

 We agree with the First District's interpretation.  We also note that 
DeFabio
 and subsequent cases rejecting the standard of substantial compliance all involved petitions for candidate nominations rather than petitions for public questions.  Our agreement with the interpretation of the First District, coupled with the fact that no cases have held substantial compliance to be insufficient in regard to petitions for public questions, leads us to conduct our review using the standard of substantial compliance.

At the trial court level, Jakstas argued that the court should not review the portion of the Board's order overruling Kovar's objection that the petition was not securely bound.  The court did  grant Kovar's request for the review, however, and affirmed the Board's decision overruling that objection.  "It is well established that the findings of a lower tribunal that are adverse to an appellee do not require the appellee to cross-appeal if the final decision was not at least in part against the appellee."  
In re Objection of McSparin
, No. 5--04--0491, slip op. at 2 (September 2, 2004).  In its written decision, the Board invalidated Jakstas' petition because the pages had not been numbered consecutively.  Because this decision was in favor of Kovar, he had no reason to file a cross-appeal regarding his objection to the petition's binding.  The trial court considered the issue at Kovar's request, however, and made a final ruling on the propriety of the Board's decision.  Kovar appealed the trial court's decision, which includes the court's ruling regarding the petition's binding.

We may affirm an agency's decision on any basis that appears in the record, even though the grounds may not be the ones relied upon by the agency.  
Rauschenberger v. Board of Education, Heritage Community Unit School District No. 8
, 223 Ill. App. 3d 412, 416 (1991).  While an election board is not identical to an administrative agency, "[t]he procedure for judicial review provided in the Election Code *** is substantially the same as that provided by the Administrative Review Act [citation]."  
Russ v. Hoffman
, 288 Ill. App. 3d 281, 283 (1997).  Therefore, we may consider both of Kovar's objections and render judgment based on any reason that is supported by the record.  Having decided that both issues are properly before the court, we turn now to the merits of the case.

The Election Code requires petitions for public questions to be "bound securely" prior to filing.  10 ILCS 5/28--3 (West 2002).  Based on the record, it seems Jakstas submitted a 60-page petition to the Fox Lake clerk.  The pages were not bound when they arrived at the appellate court for our review but, being as generous as possible to Jakstas, it appears that 12 of the pages were not bound in any manner when presented to the clerk.  The other 48 pages were not bound as a whole, but instead were bound in nine separate circulator groupings (Jakstas' seven pages paper-clipped together, Mary Ann LoBud's four pages clipped together, etc.).  The parties stipulated that the sheets were bound only by these various paper clips.

Kovar argues that using paper clips does not substantially comply with section 28--3's "bound securely" requirement.  As support, Kovar cites 
Girot v. Keith
, 341 Ill. App. 3d 902 (2003), 
appeal allowed
, 206 Ill. 2d 621 (2003), which is currently pending before the Illinois Supreme Court.  Jakstas argues that using paper clips does constitute substantial compliance and have even been held to constitute strict compliance, citing 
Bendell
, 338 Ill. App. 3d at 464.  Even assuming Jakstas is correct, however, the issue of whether using paper clips constitutes substantial compliance is not dispositive.  When Jakstas filed the petition sheets with the clerk, 12 of the 60 pages (20%) were not bound in any manner, not even by paper clip.  Thus, this is not a situation where just a few pages of a large document were accidentally left unbound.  Even if using paper clips is considered substantial compliance, a petition in which 20% of the pages are not bound in any manner cannot be in substantial compliance with the statute's requirement that the petition be securely bound.  Because Jakstas did not substantially comply with the requirements of section 28--3, we find the petition's signatures void.

Jakstas argues that the "bound securely" requirement was satisfied when the deputy clerk put a large binder clip on the petition after she stamped and photocopied the individual sheets.  The Election Code, however, requires that the petition be securely bound "before being filed."  Assuming for the sake of argument that using paper clips constitutes substantial compliance with the statute, the large binder clip was not put on until 
after
 filing.  The statute clearly states that the requirements must be met 
before
 the petition is filed.  In a statute instructing the public on how public question petitions must be filed, there would be no need to include the "bound securely" language if the governmental body accepting the petition could cure the defect after the fact by placing a large binder clip on the petition.  Fulfilling the requirements specified by the statute is the responsibility of the filing party, not the receiving clerk.

Kovar also argues on appeal that the pages of the petition were not numbered consecutively as required by section 28--3.  Because we find the petition invalid because the pages were not securely bound, we need not address Kovar's argument as to the sufficiency of the page numbering.

III.  CONCLUSION

Section 28--3 of the Election Code requires that the pages of a public question petition be securely bound.  Jakstas' failure to do so invalidated the petition's signatures.  We therefore reverse the judgment of the Lake County circuit court, which found that the petition had been securely bound.  While our rationale differs from that of the Board as to the reason the public question should be kept off of the ballot, we affirm the Electoral Board's final order invalidating the petition's signatures and denying the placement of the revenue bond question on the November 2004 ballot.

Lake County circuit court reversed; Electoral Board of the Village of Fox Lake affirmed.

McLAREN and BYRNE, JJ., concur.