No. 2--06--0277

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| BASIM ESMAIL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--MR--1056 |
| | ) | |
| THE DEPARTMENT OF REVENUE, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE KAPALA delivered the opinion of the court:

Plaintiff, Basim Esmail, was president, secretary, and treasurer of Bazco Enterprises, Inc., d/b/a Extra Value Liquors (Bazco), a retail liquor business. The Illinois Department of Revenue (the Department) assessed a penalty against plaintiff in the amount of $72,039.34 for wilfully failing to pay the business's sales tax obligations under the Retailers' Occupation Tax Act (Retailer's Act) (35 ILCS 120/1 et seq. (West 2004)). Plaintiff was held personally liable for the tax delinquency, pursuant to section 3--7 of the Uniform Penalty and Interest Act (UPI Act) (35 ILCS 735/3--7 (West 2004)). Section 3--7 of the UPI Act provides that any corporate officer who is responsible for "filing returns and making payment of the amount of any trust tax" and "who wilfully fails to file the return or make the payment to the Department *** shall be personally liable" for the delinquency. 35 ILCS 735/3--7(a) (West 2004). Plaintiff protested the notice of penalty liability and, following an

administrative hearing, the Department issued a final assessment against plaintiff. Plaintiff filed a timely complaint for administrative review in the circuit court. The Department moved to dismiss for plaintiff's failure to file the requisite bond pursuant to section 3--7 of the UPI Act, which provides for involuntary dismissal in the event the plaintiff taxpayer fails to post a bond within the specified time frame. See 35 ILCS 735/3--7(b--5) (West 2004). After arguments, the trial court granted the dismissal, denied plaintiff's motion to file a bond instanter, and entered judgment against plaintiff. Plaintiff timely appeals.

On appeal, plaintiff argues that the trial court abused its discretion by denying his request for leave to file a late bond. We affirm.

The right to administrative review is conferred by statute. Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 334 (2002); McGaughy v. Illinois Human Rights Comm'n, 165 Ill. 2d 1, 6 (1995). Parties to a proceeding before an administrative agency are barred from obtaining judicial review of the agency's administrative decision unless review is sought within the time and in the manner provided by the statute. Nudell v. Forest Preserve District, 207 Ill. 2d 409, 413-14 (2003).

Here, plaintiff was found personally liable for the tax delinquency, pursuant to section 3--7 of the UPI Act. 35 ILCS 735/3--7 (West 2004). Section 3--7 provides the procedures for seeking administrative review of a final assessment issued under this section and states as follows:

"Any person filing an action under the Administrative Review Law [(735 ILCS 5/3--101 et seq. (West 2004))] to review a final assessment or revised final assessment *** issued by the Department under this Section shall, within 20 days after filing the complaint, file a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State, or instead of bond, obtain an order from the court imposing a lien upon

the plaintiff's property as hereinafter provided. If the person filing the complaint fails to comply with this bonding requirement within 20 days after filing the complaint, the Department shall file a motion to dismiss and the court shall dismiss the action unless the person filing the action complies with the bonding requirements set out with this provision within 30 days after the filing of the Department's motion to dismiss.

Upon dismissal of a complaint for failure to comply with this subsection, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest that has accrued since the Department issued the final assessment or revised final assessment, and for costs." 35 ILCS 735/3--7(b--5) (West 2004).

Plaintiff filed his complaint for administrative review on August 24, 2005. On September 28, 2005, the Department filed a motion to dismiss for plaintiff's failure to post bond within 20 days of filing the complaint, as required by section 3--7(b--5) (35 ILCS 735/3--7(b--5) (West 2004)). The motion was accompanied by a certificate of service indicating that service was made by regular mail on plaintiff's attorney on September 29, 2005. On November 3, 2005, the Department filed a second motion to dismiss for failure to post bond within 30 days after the filing of the Department's motion to dismiss. On November 30, 2005, plaintiff appeared in court and requested leave to post a cash bond instanter by cashier's check made payable to the clerk of the court in the amount of $100,000. Plaintiff alleged that he had not received the first motion; however, the trial court accepted the Department's representations that its attorney had in fact mailed the document on the date indicated on the certificate of service and thus had complied with the statute. The court granted the Department's motion to dismiss and entered judgment against plaintiff. Plaintiff argues that the trial court erred in granting the Department's motion to dismiss, because the trial court had discretion to

allow plaintiff to post bond even though 30 days had passed since the Department filed its first motion to dismiss.

Where the language of a statute is clear and unambiguous, the court must enforce it as written. "It may not annex new provisions or substitute different ones, or read into the statute exceptions, limitations, or conditions which the legislature did not express." Hines v. Department of Public Aid, 221 Ill. 2d 222, 230 (2006). "The use of the word 'shall' evinces the legislature's intent to impose a mandatory obligation." People v. McClure, 218 Ill. 2d 375, 382 (2006); Jakstas v. Koske, 352 Ill. App. 3d 861, 863 (2004). Moreover, "[a] strong indication that the legislature intended a provision to be mandatory is if the statute prescribes a consequence for failing to obey the statutory provision." O'Brien v. White, 219 Ill. 2d 86, 96 (2006).

Section 3--7(b--5) states that a person filing an action to review a final assessment "shall" file a bond or obtain an order imposing a lien upon the plaintiff's property within 20 days of filing his complaint, and requires that the "court shall dismiss the action unless the person filing the action complies with the bonding requirements set out with this provision within 30 days after the filing of the Department's motion to dismiss." (Emphasis added.) 35 ILCS 735/3--7(b--5) (West 2004). The use of the word "shall" suggests that the bonding requirements in section 3--7(b--5) are mandatory. See Jakstas, 352 Ill. App. 3d at 863. In addition, section 3--7(b--5) clearly prescribes a consequence for a plaintiff's failure to meet the bonding requirements within 30 days of the Department's motion to dismiss. See O'Brien, 219 Ill. 2d at 96. This consequence reinforces the mandatory nature of the bonding requirements. See O'Brien, 219 Ill. 2d at 96. As a result, we reject plaintiff's argument that the language of section 3--7(b--5) is merely directive, and we find that the plain language of section 3--7(b--5) mandates the trial court to dismiss a plaintiff's action when the bonding requirements are not met.

Moreover, although there is limited case law interpreting section 3--7 of the UPI Act, section 12 of the Retailer's Act contains bond requirements that are substantively similar to the requirements under the UPI Act, and these bond requirements have also been strictly enforced. Compare 35 ILCS 735/3--7 (West 2004) with 35 ILCS 120/12 (West 2004). Section 12 of the Retailers' Act similarly provides for review of final administrative decisions of the Department under the Administrative Review Law. Section 12 provides, in pertinent part:

"Any person filing an action under the Administrative Review Law to review a final assessment or revised final assessment issued by the Department under this Act shall, within 20 days after filing the complaint, file a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or, instead of the bond, obtain an order from the court imposing a lien upon the plaintiff's property as hereinafter provided. If the person filing the complaint fails to comply with this bonding requirement within 20 days after filing the complaint, the Department shall file a motion to dismiss and the court shall dismiss the action unless the person filing the action complies with the bonding requirement set out in this provision within 30 days after the filing of the Department's motion to dismiss." 35 ILCS 120/12 (West 2004).

We note that the provision originally went on to read: "When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment or revised final assessment, and for costs, which judgment is enforceable as other judgments for the payment of money." Ill. Rev. Stat. 1983, ch. 120, par. 451. As of 1984, the provision was amended to describe the bond requirements as "jurisdictional prerequisites." See 35 ILCS 120/12 (West 2004) ("Upon dismissal of any complaint for failure to

comply with the jurisdictional prerequisites herein set forth, the court is empowered to and shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest ***" (emphasis added)); Meyer Steel Drum, Inc. v. Department of Revenue, 152 Ill. App. 3d 84, 85-86 (1987). However, the cases cited herein analyzed the provision prior to this amendment and thus considered language of the Retailer's Act that largely mirrored the current language of the UPI Act.[1]

Under that language, the bond requirements are mandatory, as a bond is necessary to protect the State against a taxpayer's dissipating or otherwise disposing of assets while review is pending before the trial court. Glasco Electric Co. v. Department of Revenue, 86 Ill. 2d 346, 351 (1981) (the language, "shall be dismissed," in the context of the entire statute, looking particularly to the purpose of the legislation, indicates that the provision requiring a bond to be filed within 20 days is to be construed as mandatory); Cottage Hill Operating Co. v. Department of Revenue, 135 Ill. App. 3d 63, 66 (1985). The Department may, of course, waive its right to a timely bond by express agreement or by failing to move to dismiss a taxpayer's complaint for failure to file a bond and, instead, proceeding to the merits of the case. Cottage Hill, 135 Ill. App. 3d at 69. However, when the Department moves to dismiss before an adequate bond is tendered, the Department is entitled to dismissal. Tick Brothers,

---

[1]Initially, the Retailer's Act provided only 20 days for compliance with the requirement to post bond; the provision was amended in 1995 to provide, as does section 3--7 of the UPI Act, that if the plaintiff fails to file the requisite bond within 20 days, the Department shall file a motion to dismiss, and if the plaintiff fails to comply with the bond requirement within 30 days of the motion to dismiss, the court shall then dismiss the action. See Pub. Act 89--60, eff. June 30, 1995. However, this amendment does not affect our analysis.

Inc. v. Department of Revenue, 104 Ill. 2d 61, 63-64 (1984) ("there can be no doubt that the Department is entitled to a dismissal if it so moves before an adequate bond is tendered"); Meyer, 152 Ill. App. 3d at 87. Thus, where the Department has moved for dismissal of the complaint for failure to post a timely bond, it is error for the trial court to allow the plaintiff to file a late bond. See Cottage Hill, 135 Ill. App. 3d at 65 (trial court erred in permitting taxpayer to file a late appeal bond where the Department moved for dismissal). Accordingly, in this case, where plaintiff failed to post bond within the time frame set forth in section 3--7 of the UPI Act, and the Department moved for a dismissal on this basis, the trial court properly granted the Department's motion to dismiss, pursuant to the mandatory language of the statute.

Lastly, we reject plaintiff's argument that he should have been granted leave to file a late bond because he alleged that he did not receive notice of the initial motion to dismiss. As the trial court observed, the Department properly proved service of the motion by mail (145 Ill. 2d Rs. 11(b)(3), 12(b)(3)), and "[s]ervice of a document by mail is not invalid merely because the party to be served denies receiving it" (Ingrassia v. Ingrassia, 156 Ill. App. 3d 483, 501 (1987)). See also Bernier v. Schaeffer, 11 Ill. 2d 525, 529 (1957) ("If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method").

For these reasons, the judgment of the circuit court of Du Page County dismissing plaintiff's complaint and entering judgment in favor of the Department is affirmed.

Affirmed.

BOWMAN and HUTCHINSON, JJ., concur.